ALBERT L. HAYNES, PLAINTIFF IN ERROR, v. THE CITY OF CAPE MAY, DEFENDANT IN ERROR.

1. General statutes passed in pursuance of article IV., section 7, paragraph 11 of the state constitution will repeal all inconsistent provisions in special laws, whether an express repealer be stated or not.

2. General statutes passed in pursuance of the same clause of the constitution, so far as they deal with the subject matter of prior special laws, will be considered as evincing a legislative intent to supersede those earlier laws, and thus will abrogate and annul them.

3. An authority conferred on municipal corporations to license certain occupations and to prohibit persons not licensed from engaging in them, will warrant the imposition of a reasonable pecuniary penalty on those engaging in them without license.

4. Although one provision of a municipal ordinance be bad, a distinct and independent provision is not thereby defeated.

5. A mere statement of facts agreed on by the attorneys of the parties, without any record or bills of exceptions, is incapable of presenting any legal error requiring the reversal of a common law judgment.

On error to the Supreme Court. For opinion of Supreme Court, see 21 *Vroom* 55.

For the plaintiff in error, *Herbert W. Edmunds.*

For the defendant in error, *Richard T. Miller.*

The opinion of the court was delivered by

DIXON, J.  On July 15th, 1882, the common council of the city of Cape May passed an ordinance to the effect " that

no person * * * shall hereafter * * * keep or use for hire any hack * * * for the transportation of passengers * * * within the limits of the city of Cape May * * * without having first obtained a license therefor; that there shall be charged to each person licensed *. * * for each hack * * * drawn by two horses, $10.00; drawn by one horse, $5.00; and that for any offence against the provisions of the ordinance * * * the offender shall forfeit and pay the sum of one hundred dollars."

In an action brought in the Court of Common Pleas by the city of Cape May, a judgment was recovered against Albert L. Haynes, the plaintiff in error, for the said penalty of $100, because he had kept and used hacks for hire in the city during the summer of 1885 without a license. That judgment having been removed to the Supreme Court was there affirmed, and is now brought before us by writ of error.

The reasons assigned for reversal of this judgment relate only to the validity of the ordinance, and bring us first to consider under what statute, if any, it can be sustained.

The city charter, approved March 3d, 1875, authorized the council to establish ordinances "to license and regulate * * * hack owners and drivers, and carriages and vehicles used for the transportation of passengers * * * and to prohibit unlicensed persons from acting in such capacities." *Pamph. L.* 1875, *p.* 206, § 19, ¶ 25. It also provided, in section 21, that in all cases where, by the provisions of that act, the council had authority to pass ordinances on any subject, they might prescribe a penalty or penalties for the violation thereof, either by imprisonment in the city or county jail, not exceeding thirty days, or by fine, not exceeding $100. These enactments, if still in force when the ordinance was adopted, would plainly have warranted its terms. But we are of opinion that the quotation from section 19 was not then operative.

A general law, passed March 25th, 1881 (*Pamph. L., p.* 299), and amended March 31st, 1882 (*Pamph. L., p.* 228),

enacted that it should be "lawful for the common council,. board of aldermen or other governing body of any city * * * to make and establish ordinances for the following purposes, viz.: to license and regulate * * * hack owners and drivers, and carriages and vehicles used for the transportation of passengers * * * and to prohibit un- licensed persons and vehicles from acting or being used in such capacities; and that the fees for such licenses might. be imposed for revenue."

This general statute was enacted in obedience to the man- date of the constitution (art. IV., § 7, ¶ 11), that the legisla- ture shall pass general laws regulating the internal affairs of towns and counties, and, according to its terms, it prescribes. the law for all cities in the state. In order to give effect to the manifest design of this constitutional provision, general statutes passed in pursuance thereof should be deemed to repeal all inconsistent rules in special charters, whether an express repealer be stated or not; for if this force be not. ascribed to them, the generality of the statutes will be de- feated by their being confined to narrower limits than an entire class, and thus, by judicial interpretation, the statutes will become unconstitutional. *Closson* v. *Trenton*, 19 *Vroom.* 438; 20 *Id.* 482; *Bowyer* v. *Camden*, 21 *Id.* 87. But, further, it is a settled rule of statutory construction, that when a later law deals generally with the subject matter of earlier statutes, not simply as a revision, but as a new and independent enactment, that affords decisive evidence of an intent to abrogate and repeal the older legislation. *Roche* v. *Jersey City*, 11 *Vroom* 257; *Bracken* v. *Smith*, 12 *Stew. Eq.* 169. The general law now before us employs the very words of the Cape May charter on the subject under review, and, as it must be held to be operative in Cape May, it must take the place of the similar provisions in the local law, so that, even though the substance of the municipal authority be not changed, nevertheless its. source shall be the general, instead of the special, statute. Hence, we conclude that those provisions of the city charter

which relate to the licensing and regulation of hackmen were annulled before the adoption of the ordinance now in question.

The validity of the ordinance must therefore be tested by the general statute of 1882.

The only feature not indubitably within the authority there delegated, is that imposing the penalty of $100 for viola-tion. The city seeks support for that penalty in the words of section 21 of the charter. But these words cover merely cases where, *by the charter*, the city council is empowered to pass ordinances, and since, when this ordinance was passed, the requisite authority did not exist by the charter, the attempted support fails.

Sufficient power, however, is given by the general law. It expressly authorizes the adoption of ordinances to prohibit unlicensed persons and vehicles from acting or being used in such businesses as are to be licensed. The legitimate mode of exercising this power to prohibit is by the imposition of reason-able pecuniary penalties. 1 *Dill. Mun. Corp.*, § 336 (270). We see no ground for denying the reasonableness of the penalty.

The plaintiff in error refers to "An act respecting cities, boroughs and incorporated towns" (*Pamph. L.* 1885, *p.* 247), as limiting the penalty to $25.. That statute does not relate to hackmen. He also attacks the ordinance because it makes, he insists, an unjust distinction between hotel keepers and others, by permitting the former to run omnibusses without license. If the injustice of this discrimination were estab-lished, it would defeat only so much of the ordinance as requires the licensing of omnibusses (1 *Dill. Mun. Corp.*, § 421 (354); *Staats* v. *Washington*, 16 *Vroom* 318; 17 *Id.* 209); while in this ordinance the terms "hack" and "omnibus" indicate different sorts of vehicles.

The judgment below seems to have been lawfully rendered.

Although the case is thus disposed of on the questions raised by counsel, we wish to note the entire irregularity of the proceedings to review the judgment of the Common Pleas. It is to be gathered from the printed book that that judgment

was rendered in a common law action, yet it appears to have been removed to the Supreme Court by *certiorari*. Then, the supposed record brought up to this court does not show the pleadings, trial, verdict and judgment, with bills of exceptions, but consists of a mere statement of facts agreed upon by the attorneys of the parties. Such a statement can present no legal error requiring the reversal of the judgment. *Ruckman* v. *Demarest*, 3 *Vroom* 528; *Pray* v. *Jersey City*, 4 *Id.* 506.

The judgment should be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, DIXON, GARRISON, KNAPP, BROWN, CLEMENT, COLE, MCGREGOR, SMITH, WHITAKER.   11.

*For reversal*—None.