THE STATE, SWEETING MILES, PROSECUTOR, v. THE BOARD OF CHOSEN FREEHOLDERS OF BERGEN COUNTY.

The act entitled "An act to enable boards of chosen freeholders to acquire, improve and maintain public roads," approved March 9th, 1889 (*Pamph. L.*, *p.* 58), is constitutional. It applies to every county in the state, and is not local or special.

On *certiorari.*

Argued at February Term, 1890, before Justices VAN SYCKEL, DEPUE and GARRISON.

For the plaintiffs, *R. P. Wortendyke* and *Wm. C. Spencer.*

For the defendants, *Frank Bergen.*

The opinion of the court was delivered by

VAN SYCKEL, J. The questions submitted to the court in this case arise upon a rule to show cause why a writ of *certiorari* shall not be granted to remove into this court the proceedings taken by the board of chosen freeholders of the county of Bergen, under the provisions of an act entitled "An act to enable boards of chosen freeholders to acquire, improve and maintain public roads," approved March 9th, 1889. *Pamph. L., p.* 58.

The principal reason relied upon to vacate the proceedings below is the radical one, that the act is unconstitutional.

The first section of the act provides, " that it shall be lawful for the board of chosen freeholders of any county in this state to acquire, improve, maintain and assume full and exclusive control of any public road or roads, or parts thereof, in their county, so far as may be necessary for the purpose of improving and maintaining the same as a road or roads for carriages or other vehicles, but for no other purpose, except such roads or avenues as are now under the control of any county road board."

The seventh section provides, " that nothing in this act shall be construed to repeal, or in anywise affect, the act constituting 'The Essex Public Road Board,' approved March thirty-first, one thousand eight hundred and sixty-nine, or any supplement thereto, or any act amendatory thereof, or relating or applicable thereto."

Essex is the only county in the state that has a county road board. In that county the said road board has acquired control of some of the public roads.

The contention of the prosecutor is, that the exception in the first section of the act of 1889, and the seventh section of the act, render it inapplicable to the county of Essex, and bring it within the operation of that provision of the organic law which prohibits special and local legislation.

It is conceded, that if one county is excepted from the operation of a statute, either by expression or by necessary implication, the law is special and unconstitutional. *Bray* v. *Hudson*, 21 *Vroom* 82 ; *Bowyer* v. *Camden*, 21 *Id.* 87; *Township of Lodi* v. *State*, 22 *Id.* 402.

The exception in the first section of the act does not specialize the law.

It is highly important that work partly executed by the Essex Public Road Board shall be completed, and that existing contracts shall not be disturbed.

The exception, therefore, of roads primarily under the control of said road board, rests upon a legal basis of classification, and does not impair the validity of the statute.

The test of constitutionality is, whether it can, at the instance of the board of freeholders, be put in operation in the county of Essex. If so, it is general, as it will apply to every county in the state. If Essex county is excluded from the benefits of its provisions, then it is manifestly special and local.

The Essex Public Road Board, by virtue of the supplement of February 10th, 1881 (*Pamph. L., p.* 19), is simply a committee of the board of chosen freeholders of the county, and absolutely under and within the control of the latter board.

No road can be taken under the control of, or be improved by, the road board, without the action and concurrence of the board of freeholders.

The act of 1889 gives the board of freeholders of every county in the state the power to adopt its provisions. No county is excepted.

The seventh section, which saves the Essex Road Board act, does not prevent the Essex freeholders from electing to proceed under the act of 1889.

They may, in their discretion, elect to exercise all the powers

conferred by the general act, as fully as may the freeholders of any other county in the state. It is true that the Essex freeholders, by force of previous special legislation, may exercise other powers over highways, but this does not narrow or circumscribe the territory over which the law in question extends its operation. It is not obligatory upon any county to adopt the provisions of the statute of 1889. It is optional with the freeholders of Essex county, as with the freeholders of every other county, to do so. If the Essex Public Road Board had not been put under the absolute control of the board of freeholders, a conflict of jurisdiction might arise in the attempt to apply the general and special law to the same highways, and thus the two laws would be necessarily inconsistent with each other, and both could not stand.

The right of election under which of the two acts proceedings shall be taken being committed wholly to the board of freeholders, there is no inconsistency in the statutes, and both must be upheld.

The rule of interpretation which leads the court to reconcile and uphold both the general and special enactment, is illustrated by the case of *Field* v. *Silo*, 15 *Vroom* 355, cited with approbation in *Yest* v. *Burns*, 19 *Id.* 356. *Bray* v. *Hudson* and *Township of Lodi* v. *State, supra,* are not in point.

In these cases there was an express provision in the legislation, that it should not apply to such counties as had county road boards. Hence, Essex county was excluded from the operation of the acts, and they were therefore adjudged to be special and local. There is no such provision in the act of 1889. The board of freeholders of each and every county in the state has the like discretion to adopt or reject its provisions.

The other reasons urged for the allowance of the writ relate to the regularity of the proceedings taken under the act of 1889.

By a resolution of the board of freeholders duly adopted, certain roads were declared to be county roads, in pursuance of the act.

A committee was appointed which subsequently made a report, recommending the adoption of a map on which the committee had caused the roads adopted to be properly designated and defined.

This map was adopted at a later meeting of the board, and ordered to be filed in the county clerk's office. A resolution describing the roads adopted was also filed in the clerk's office.

By a further resolution, a committee was appointed to employ an engineer to establish grades; to advertise for bids; award contracts, and perform all other necessary acts, as prescribed in the County Road law.

This is all that has been done by the board of freeholders. This is strictly executive work, properly referred to a committee, which acts under the control of the board, and subject to its approval.

It is not necessary to appropriate the money for the work in advance of the proceedings which have been taken. The third section of the act provides that the money may be raised by the issue of county bonds, but that the board of freeholders shall not raise under the act more than $25,000 in any one year by a special tax.

There is no infirmity in the act of 1889, nor thus far in the proceedings had under it. The writ of *certiorari* should be denied.