54   125
70   511

THE STATE, WILLIAM C. FARR ET AL., PROSECUTORS, v. THE MAYOR AND COMMON COUNCIL OF THE CITY OF BAYONNE.

The charter of Bayonne provides that the common council shall have power to change ward lines, or increase the number of wards. The act of 1889 (*Pamph. L*, *p.* 442) provides that the legislative body of any city shall have power by a three-fourths vote of its members to divide the city into wards and change the lines of the present wards, provided no new wards shall be created. *Held*, that the general act repealed the charter in respect to the method of altering ward lines, when no new ward is created by such alteration.

On *certiorari.*

This writ of *certiorari* brings up a resolution passed by the common council of Bayonne changing the lines of the wards of the city, but not increasing the number of the wards.

Argued at June Term, 1891, before Justices DEPUE, DIXON and REED.

For the prosecutors, *William D. Edwards.*

For the defendant, *Charles W. Fuller* and *Joseph D. Bedle.*

The opinion of the court was delivered by

REED, J. The resolution now attacked was passed by a vote of a majority of the members of common council, but not by a vote of three-fourths of such members. The insistence of the prosecutors is, that a change of ward lines, by which the number of wards are not increased, can only be accomplished by an ordinance, and that the ordinance must receive the approval of three-fourths of the members of council.

The soundness of this position depends upon whether the provisions for changing ward lines contained in the charter

of Bayonne has been repealed by the act of 1889. *Pamph. L.,* *p.* 442. If so, the requirements of the later act have been substituted for the former, in respect of changes of ward lines like the present.

The charter of Bayonne (*Pamph. L.* 1869, *p.* 372) fixes the limits of the wards of the city, and provides that these divisions shall remain until changed by the mayor and common council, who shall have power, once in four years, dating from the passage of the act, to revise, and if, in their judgment, it is necessary, alter said divisions or increase the number of said wards.

By the implied terms of this grant of power the change of ward lines can be effected either by an ordinance or a resolution, and by a majority vote of the common council.

The act of 1889, however, provides for a different method. It provides that any legislative body of any city shall have power by ordinance to divide said city up into wards, and to change the lines and boundaries of the present wards once in five years; *provided,* that no additional wards shall be created under the provisions of the act; *and provided,* that three-fourths of all the members of said legislative body shall agree to the passage of said ordinance, and the same shall be approved by the mayor.

This act, it is perceived, applies to all cities, and so includes Bayonne. It is operative with as much force within that city as if its provisions had been passed as an amendment to the charter of Bayonne before the adoption of constitutional amendments. It is impossible to remove the city of Bayonne from the influence of any of the provisions of this statute without destroying the act *in toto.* If it ceased to include one city in its action it would fail to include all of the class to which the legislation is fitting, and all of the class to which the legislature applied it. It would, by reason of this defective classification, be unconstitutional.

The act applies in all its provisions to Bayonne.

The question follows, does the grant of power to change ward lines, contained in the general act, supersede, and so re-

peal the charter? So far as the subject of the two grants of power are identical, I think the charter is superseded. The grant of power in the charter is more extensive than that contained in the general act. Under the charter there is power conferred to create new wards. The exercise of the power is, by the general act, restricted to changes not involving the erection of new wards.

In making changes of ward lines not creating new wards, the charter and the act of 1889 deal with the same subject. The object to be accomplished is identical. The methods by which it is to be accomplished are diverse and glaringly incongruous. It is impossible to conceive how the power granted by the general act can be regarded as cumulative.

If the charter provision is in force, then the act of 1889 is a nullity within the limits of Bayonne in respect to the matter at issue here.

For it is perceived that when a resolution or ordinance has received a vote of a majority of the members of council, the exercise of the power granted is completed under the charter. Nothing is left to be gained by procuring a three-fourths vote, and the grant of power to do by the latter vote what can be done by the former is an absurdity. It is only by regarding the act of 1889 as the sole rule that it can exercise any influence whatever in Bayonne.

Inasmuch as, for reasons already stated, the general act is operative within that city, the result follows that the charter provision is superseded by the former statute.

Both the grounds upon which a general statute was held, in the case of *Haynes* v. *Cape May*, 23 *Vroom* 180, to repeal a portion of the charter of the city of Cape May, exist in this case to effect the same result in respect to the clause in the charter of Bayonne.

We think that the prosecutors, being citizens whose domiciles have been changed into one ward from another by the resolution, have a footing to contest the validity of this action.

We find no laches which will justify a dismissal of the writ.

The resolution brought up is set aside.