## HARRINGTON TOWNSHIP ROAD COMMISSION v. COLLECTOR OF HARRINGTON TOWNSHIP.

1. An express repealer of inconsistent *general* laws will not warrant an inference that inconsistent *special* laws are not to be repealed, when such an inference would render the repealing act unconstitutional.

2. A law framed in general terms cannot be rendered special by the fact that it does not repeal other general laws.

3. Statutes relating to ordinary public roads in townships are not rendered special by the fact that turnpikes and county roads are expressly exempted from their operation.

4. The supplement to the " Act concerning roads," approved March 12th, 1891 (*Pamph. L.*, *p.* 137), is general, and applies to Harrington township, in the county of Bergen, notwithstanding the special act of 1871, creating a road commission for said township.

On application for *mandamus.*

Argued at November Term, 1891, before Justices DIXON and REED.

For the commission, *Raymond P. Wortendyke.*

For the collector, *Peter W. Stagg.*

The opinion of the court was delivered by

DIXON, J.  This is an application on behalf of the Harrington township road commission for a *mandamus* directing the collector of Harrington township, in the county of Bergen, to pay over to the president of said commission, according to an act concerning roads in said township, approved April 6th, 1871 (*Pamph. L., p.* 1459), the taxes voted, assessed and collected in the several districts of said township for making, maintaining and repairing the public highways therein, pursuant to said act.

This act of 1871 created a road commission for the township and gave to the commission all the powers of overseers of roads, and in addition the general and exclusive supervision, control and management of the public highways in the township and of their repair and regulation; it directed the commission to divide the township into districts, and empowered the freeholders of each district to determine what sum of money should be raised by tax in the district for making, maintaining and repairing the public highways therein, and provided that all moneys voted and raised by any district should be applied by the commission to the use of the public

highways in said district and not in any other district. To this end the money, when collected by the township collector, was to be turned over to the president of the commission.

A supplement to the General Road act, approved March 12th, 1891 (*Pamph. L., p.* 137), enacted that the township committee of each township should have the full supervision, management and control of the making and repairing of all roads in said township, and required that all taxes assessed for making and repairing roads should, as soon as collected by the township collector, be paid over to the township treasurer, to be by him disbursed on warrants drawn by the township committee.

The incongruity of these two statutes in the provisions mentioned is evident, and the question is, which shall prevail.

The supplement of 1891 provides for working highways, and also purports to regulate the internal affairs of townships, and, therefore, to be valid must, under the constitutional amendments of 1875, be general and override prior inconsistent special laws. *Haynes* v. *Cape May*, 23 *Vroom* 180. Hence, the question is whether this supplement is constitutional, and this must be determined by an examination of the statute itself.

The reason for attacking its constitutionality is found in its tenth section, which is as follows: "That all general acts inconsistent with this act are hereby repealed, * * * provided that nothing in this act shall be construed to repeal or in any wise affect the act constituting 'Essex Public Road Board,' approved March 31, 1869, or any supplement thereto, or any act amendatory thereof or relating or applicable thereto, or any act in relation to turnpike roads, or any act which has been, or may be, passed to enable boards of chosen freeholders to acquire, improve or maintain public roads."

The first ground of objection presented by this section is, that in the express repealer of *general* inconsistent acts there is implied a purpose not to repeal *special* inconsistent acts, and hence the statute is not general.

If the matter were unaffected by any rule of construction other than the mere language of the legislature, the suggested implication would be a reasonable one. But we must presume that the legislature intended to pass a valid act, and against this presumption no mere inference should be allowed to stand. The inference that inconsistent special acts were not to be repealed, destroys the validity of the whole act, and, therefore, is inadmissible. *Woodbridge* v. *Amboy, Coxe* 213; *In re Lower Chatham,* 6 *Vroom* 497; *Bowyer* v. *Camden,* 21 *Id.* 87.

The next objection, based upon this tenth section, is that the act is rendered special by the express words of the proviso, which except certain prior laws from the operation of the act.

Some of these excepted laws are general (*Miles* v. *Freeholders of Bergen,* 23 *Vroom* 302), and some are special. So far as they are general, they may be dismissed with the remark that a law framed as this is, in general terms, cannot be rendered special by the fact that it does not override other general laws. But, as already stated, if this act of 1891 does not repeal prior inconsistent special laws, then it is itself special and must fail. Consequently, on the present objection, the only question is, whether the special laws referred to in this proviso are inconsistent with the body of the act.

I think they are not. The body of the act refers only to the ordinary public roads in townships, while the special laws mentioned in the proviso deal with turnpikes, which are to some extent the property of private corporations, and with county roads, which are laid out for the purpose of improving the county as a whole, and should, therefore, be managed by county authorities. These excepted classes seem to me to be distinguishable in character from ordinary township roads. Without the roads covered by the special laws embraced in the proviso, the roads to which the act is applicable may reasonably have been deemed by the legislature to constitute an entire class by themselves. Under such conditions the classification adopted by the legislature is binding upon the courts. *State* v. *Borough of Clayton,* 24 *Vroom* 277.

Therefore, notwithstanding its tenth section, the act of 1891 must be adjudged general and constitutional.

It follows that the road taxes raised in Harrington township are not to be transferred to the president of the commission; and the *mandamus* asked for must be refused.