DENIS D. MULCAHY v. THE MAYOR AND COMMON COUNCIL OF THE CITY OF NEWARK.

| 57 | 513 |
|----|-----|
| 58 | 555 |
| 57 | 513 |
| 60 | 430 |
| 57 | 513 |
| 67 | 83 |
| 57 | 513 |
| 68 | 362 |

1. The act providing for the licensing of dogs, approved March 15th, 1893 (*Pamph. L., p.* 328), supersedes any power of exacting license fees for dogs which the city of Newark possessed under its charter.

2. The act mentioned confers the licensing power as a means of raising revenue.

---

On *certiorari.*

Argued at November Term, 1894, before Justices DIXON, MAGIE and LIPPINCOTT.

For the prosecutor, *Edward Kenny.*

For the city, *Chandler W. Riker.*

VOL. XXVIII.                    33

The opinion of the court was delivered by

Dixon, J.   This *certiorari* brings up an ordinance passed June 16th, 1893, by the common council of the city of Newark, "to regulate and prevent the running at large of dogs, to authorize their destruction and the imposition of taxes or license fees upon the owners or possessors of the same." The validity of the ordinance depends upon the city charter (*Pamph. L.* 1857, *p.* 116) and "An act providing for the licensing of dogs," approved March 15th, 1893 (*Pamph. L., p.* 328).

The city charter (section 31, paragraph 15) gives the council power "to regulate and prevent the running at large of dogs, to authorize the destruction of dogs running at large and to impose taxes on the owners of dogs."

The act of 1893 empowers the governing body of every municipality in the state, on or before the first day of May in each year, to provide by resolution the amount of a license fee for the ensuing year, to be paid by the owner of every dog.   It directs that the amount of such fee shall be assessed and collected at the same time and in the same manner as other taxes, and shall be applied towards the payment of the general expenses of the municipality.   The act also declares that all inconsistent acts shall be repealed, but that it shall not be construed to limit or abridge any other or greater power possessed by the governing body of any municipality respecting the licensing of dogs.

Under the rule laid down in *Haynes* v. *Cape May*, 23 *Vroom* 180, the power conferred by this general act of 1893, to impose a license fee to be paid by the owners of dogs, will supersede and annul the power over the same subject delegated by the special charter, unless the latter power is an "other" (*i. e.*, different) or "greater" power, and so saved from abridgment by the express words of the general law. We must, therefore, consider whether the chartered power "to impose taxes on the owners of dogs" is other or greater than the power given by the general statute.

If the chartered power be one to tax dogs as property, then

we need not now concern ourselves with it, for the ordinance under review does not attempt to exercise such a power. But if it be one to impose a license fee, then I think an examination of the act of 1893 will show that the power to impose such fees which that act delegates is at least as great as the chartered power.

Authority to exact license fees may be classified either under the police power or under the taxing power. In the absence of any indication to the contrary, it is deemed a branch of the police power, and as such it warrants the exaction of no fees beyond the reasonable expense of issuing the license and regulating the thing licensed. *North Hudson County Railway Co.* v. *Hoboken,* 12 *Vroom* 71 ; *Mühlenbrinck* v. *Commissioners,* 13 *Id.* 364 ; *Clark* v. *New Brunswick,* 14 *Id.* 175 ; *In re Wan Lin,* 22 *Fed. Rep.* 701.

But if the legislature manifests an intention to delegate the licensing power as a revenue measure, then it may be exerted for that purpose as a branch of the taxing power. *North Hudson County Railway Co.* v. *Hoboken, supra ; Morgan* v. *Orange,* 21 *Vroom* 389. Such an intention may be deduced from a legislative declaration that the amount of the license fee shall be at the discretion of the municipality or that the proceeds of licenses shall be appropriated to municipal uses beyond the expenses of licensing and regulating the thing licensed. *Boston* v. *Shaffer,* 9 *Pick.* 415 ; *Chilvers* v. *People,* 11 *Mich.* 43 ; *Adams Express Co.* v. *Owensboro,* 85 *Ky.* 265.

In the light of these principles, the authority granted by the act of 1893 clearly appears to be conferred as a means of raising revenue. The municipality is expressly authorized to fix the amount of the fee ; the amount so fixed is to be assessed and collected with " other taxes," and the proceeds are to be applied " towards the payment of the general expenses of such municipality." So viewed, the power is as large as the power to impose license fees can be, and hence the chartered power on the same subject cannot be " other or greater " within the meaning of the general statute, and must be superseded and annulled.

It follows, therefore, that the validity of the ordinance under review, so far as it relates to the imposition and collection of license fees for dogs, will depend upon its conformity with the act of 1893.

A lack of harmony between the two exists in the following particulars: The statute requires the amount of the fee to be fixed on or before the 1st day of May in each year; the ordinance was passed in June, and is perpetual; by the statute, the fee covers the year from May 1st to May 1st; by the ordinance, it covers the year from August 1st to August 1st; by the statute, the fee is to be collected at the same time and in the same manner as other taxes; by the ordinance, the fee is to be collected by the dog warden, and various provisions are made for enforcing payment of the fee which could not be legally applied to other taxes.

In all these respects the ordinance is illegal and must be set aside. It must be assumed, also, that the compensation of the warden was fixed in the ordinance upon the idea that he could lawfully be required to render the service therein assigned to him. This idea being erroneous, that feature of the ordinance, also, should be set aside.

The prosecutor is entitled to costs.