GEORGE DE GINTHER, ADMINISTRATOR OF THE ESTATE OF FREDERICK SAGE, DECEASED, PLAINTIFF IN ERROR, v. THE NEW JERSEY HOME FOR THE EDUCATION AND CARE OF FEEBLE-MINDED CHILDREN AND OLIN GAR-RISON, DEFENDANTS IN ERROR.

1. The act entitled "An act to provide for the better security of life and limb in cases of fire in hotels and other buildings," approved March 17th, 1882 (*Pamph. L.*, p. 142), and the supplement thereto, approved March 22d, 1888 (*Pamph. L.*, p. 192), are repealed by the act entitled "An act relative to fire-escapes," approved March 24th, 1890 (*Pamph. L.*, p. 101; *Gen. Stat.*, p. 1516).

2. Under the latter act it is not obligatory upon an owner of a building to erect a fire-escape until precedent action by the proper authorities of the municipality in which the building is erected, which shall serve to prescribe the number, dimensions, character, manner of construction and regulation of the fire-escapes of the building, shall be taken.

On error to the Cumberland County Circuit Court.

The action was instituted to recover damages resulting from the death of Frederick Sage, an employe of the corporate defendant, in the " Jane S. Robinson Cottage," one of its buildings, in the township of Vineland. He was sleeping in one of the upper stories of that building when it was consumed by fire, on the night of the 25th of February, 1894, and was suffocated or burned to death. He left him surviving, as his next of kin, an infant son.

At the trial the plaintiff was nonsuited. Error is now assigned upon that action of the court.

For the plaintiff in error, *Charles K. Landis, Jr.*

For the defendants in error, *Howard Carrow.*

The opinion of the court was delivered by

THE CHANCELLOR. The action of the plaintiff is based upon a requirement of an act of the legislature entitled "An act to provide for the better security of life and limb in cases of fire in hotels and other buildings," approved March 17th, 1882 (*Pamph. L., p.* 142), and the supplement thereto, approved March 22d, 1888 (*Pamph. L., p.* 192).

The supplement was a revision of the original act, its principal design apparently being to extend the application of that act to a greater number of buildings. Its general scheme was to require that persons in control of buildings, three or more stories in height, and in and about which thirty or more persons should congregate for any purpose, or in which three or more families should dwell, should be

required to provide a safe external means of escape therefrom, and that the authorities of the municipality in which such building should be erected, should designate the number and kind of such escapes for each building within contemplation of the law, and notify the person in control of the building thereof, and to make provision that violation of the requirement of the statute, or failure to comply with the notice, should be a misdemeanor, punishable by fine, and that one charged with duty to obey the statute and failing to do so, should be liable to an action by another having authority to sue because of death or injury by reason of the absence or want of repair of the means of escape contemplated.

By a subsequent enactment, approved March 24th, 1890 (*Pamph. L.*, *p.* 101 ; *Gen. Stat.*, *p.* 1516), entitled "An act relative to fire-escapes," it was, in substance, provided that every building in which twenty or more persons should live or congregate above the first or ground floor should, as the proper authorities might direct, have one or more external wrought-iron fire-escapes, of the dimensions and character required by such authorities, and that the authorities of each municipality should have power to enforce the provisions of the act.

The latter enactment does not expressly repeal inconsistent statutes. It is, however, observed that, having a distinct, independent title, it proceeds to deal with the same subject-matter which the acts of 1882 and 1888 deal with. Its scheme is that buildings of prescribed character shall have external wrought-iron fire-escapes of such number, dimensions and character, and of such construction and regulation as the authorities of the municipality within which the building is or may be erected shall prescribe, and that the enforcement of the design of the statute shall rest with such authorities. This scheme differs from that of the former enactments in that those laws prescribe an immediate duty of the person in control of the building to provide a safe external means of escape from a somewhat more restricted class of buildings and impose a duty also upon the authorities of the municipality

to designate the kind and number of escapes and give notice thereof to the persons bound to erect them. . And those statutes also prescribe the penalty for either disobedience of the requirement of the law or of the notice of the authorities, and make the person failing to obey liable to an action by one having authority to sue because of death or injury by reason of the absence or lack of repair of such means of escape. Thus it appears that the earlier enactments enjoin independent duties upon the house-owner or controller and the municipal authorities and directly prescribe the accountability of the house-owner or controller, while the act of 1890 prescribes a new scheme, which contemplates precedent action by the authorities of the municipality, which shall serve to prescribe the number, dimensions, character, manner of construction and regulation of the fire-escapes before the duty of the owner so matures that the performance thereof becomes obligatory.

. " Where there are two acts on the same subject," said Vice-Chancellor Van Fleet, in *Bracken* v. *Smith,* 12 *Stew. Eq.* 169, " the rule is to give effect to both, if possible. But if the two are repugnant, or any of their provisions, the later act, without any repealing clause, operates, to the extent of the repugnancy, as a repeal of the first; and even where two acts are not in express terms repugnant, yet if the latter act covers the whole subject of the first and embraces new provisions, plainly showing that it was intended as a substitute for the first act, it will operate as a repeal of that act."

In *Haynes* v. *City of Cape May,* 23 *Vroom* 180, Mr. Justice Dixon, writing the opinion of this court stating the rule, said : " But, further, it is a settled rule of statutory construction, that when a later law deals generally with the subject-matter of earlier statutes, not simply as a revision, but as a new and independent enactment, that affords decisive evidence of an intent to abrogate and repeal the older legislation. *Roche* v. *Jersey City,* 11 *Vroom* 257 ; *Bracken* v. *Smith,* 12 *Stew. Eq.* 169."

These expressions state the rule well established in our courts. *Roche* v. *Jersey City,* 11 *Vroom* 257 ; *Gabler* v.

*Elizabeth,* 13 *Id.* 79, 81; *Henry* v. *Camden, Id.* 335; *Burlington* v. *Estlow,* 14 *Id.* 13; *Mulligan* v. *Cavanagh,* 17 *Id.* 45, 49; *McCartin* v. *Traphagen,* 16 *Stew. Eq.* 323, 331; *Mersereau* v. *Mersereau Co.,* 6 *Dick. Ch. Rep.* 382; *Vreeland* v. *Jersey City,* 25 *Vroom* 49, 52; *Green* v. *Clarke,* 27 *Id.* 62; *Wilson* v. *Trenton, Id.* 469.

We regard the act of 1890 as a new, complete and independent legislative dealing with the subject-matter treated in the enactments of 1882 and 1888, intended to provide the whole regulation of that subject-matter, and hence we deem that it repeals those former laws. It is not strictly a repeal by implication, but a repeal because of the institution of a new scheme of control of the subject-matter treated of, which shall prevail to the exclusion as discarded of all matter in prior enactments on the subject which is not embraced within it. *Roche* v. *Jersey City, supra.* Mr. Justice Dewey, in *Bartlett* v. *King, Executor,* 12 *Mass.* 537, 545, said: "A subsequent statute revising the whole subject-matter of a former one and evidently intended as a substitute for it, although it contains no express words to that effect, must, on principles of law as well as in reason and common sense, operate to repeal the former."

It appeared at the trial in the Circuit Court that the township committee of the township of Vineland, prior to the death of Sage, had never taken any such action as the act of 1890 contemplates that it should have taken, and hence the court held that duty had not arisen upon the part of the defendants to erect fire-escapes, and that the action would not lie. Without intimating that the suit would lie if the township committee had taken appropriate action, we accede to the correctness of the conclusion of the Circuit Court and think that for the reason upon which it acted and because also it was not shown by the proofs that the building burned was one in which twenty or more persons lived or congregated above the first or ground floor, that the plaintiff was properly nonsuited.

The judgment below will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, DEPUE, GARRISON, GUMMERE, LIPPINCOTT, LUDLOW, MAGIE, VAN SYCKEL, BOGERT, BROWN, SIMS, SMITH, TALMAN. 14.

*For reversal*—None.