*30 Vroom.*                    Stout v. Glen Ridge.

G. LEE STOUT ET AL., PLAINTIFFS IN ERROR, v. THE BOROUGH OF GLEN RIDGE, DEFENDANT IN ERROR.

1. The word "town" has been used in our legislation in different senses— some restricted and some general. In determining its meaning in a particular statute, indications of legislative intent found in that statute may be considered, and if they point to its use in a particular sense, that meaning must be given to it.

2. In the first section of the "Act providing for the incorporation of cities," approved March 22d, 1895 (*Gen. Stat.*, p. 785), the word is used to designate all municipal corporations above the grade of townships and below that of cities.

On error to the Supreme Court.   For opinion of Supreme Court, see 29 *Vroom* 598.

For the plaintiffs in error, *Thomas N. McCarter.*

For the defendant in error, *Chandler W. Riker.*

The opinion of the court was delivered by

MAGIE, J.   The writ of error in this case has brought before us a judgment of the Supreme Court setting aside certain proceedings taken by plaintiffs in error for the purpose of incorporating a city, to be called the city of Bloomfield, which proceedings were taken under the provisions of the act entitled "An act providing for the incorporation of cities," approved March 22d, 1895.   *Pamph. L.*, *p.* 551; *Gen. Stat.*, *p.* 785.   Those proceedings were brought before the Supreme Court by a writ of *certiorari*, sued out by the borough of Glen Ridge, the defendant in error.

By the provisions of said act it is enacted that the inhabitants of any district lying wholly in one county and having a population exceeding five thousand, may become incorporated as a city, but the act expressly declares that such district is not to include any territory already within the limits of any "incorporated city or town."

It was made to appear in the court below that the district, the inhabitants of which sought to incorporate themselves as a city by these proceedings, took in some territory lying within the township of Bloomfield, but also included territory which was within the limits of a borough called the borough of Glen Ridge. The petition which initiated the proceedings declared that the district, described therein by metes and bounds, lay wholly within the township of Bloomfield.

Among the reasons for the vacation of the proceedings assigned by the prosecutors in the court below was one based upon the description of the district proposed to be included in the incorporated city as lying wholly within the township of Bloomfield and not stating that part thereof was within the borough of Glen Ridge.

Another of the reasons challenged the right to include within a district proposed to be incorporated as a city under said act any territory then included within the limits of an incorporated borough. The contention was that the exception in the act, of territory within the limits of any incorporated city or town, excluded territory within the limits of an incorporated borough.

In the court below the latter reason was held to be insufficient, and the act in question was construed as excluding from a district incorporated thereunder only such territory as was included within the limits of such municipal corporations as were incorporated as cities and towns. Territory within the limits of municipal corporations otherwise named, it was held, might be included.

But the former of the two reasons above mentioned was held in the court below to be sufficient to require the vacation of the proceedings, on the ground that by its description, which was deemed to be defective, the petition became deceptive and misleading.

After careful examination of the act in question, I find myself compelled to a different construction of it than that adopted by the Supreme Court. In my judgment, the words " incorporated town," as used in the first section of that act,

have a broader signification than that attributed to it by that court. .

It is undeniable that the word "town" has been used in our legislation in different senses.

. In the clause of our amended constitution which prohibits special legislation regulating the internal affairs of towns and counties, its meaning has been settled to be broad enough to include all kinds of municipal corporations formed for local government other than counties. *Van Riper* v. *Parsons*, 11 *Vroom* 1; *Pell* v. *Newark, Id.* 550. At the time of the adoption of that amendment to the constitution there existed several municipal corporations incorporated specifically as towns. But as was lucidly shown by the learned Chief Justice in the opinions delivered in the cases last cited, the word "town" in that amendment was capable of a broader meaning and was used in a generic sense as including all municipal corporations, and not as expressing merely a species of such corporations which had been given that name.

Since the adoption of that amendment the legislature has passed many acts looking to the creation of a species of municipal corporation called "towns." Those acts are collected in the General Statutes on page 3489, and the following pages. There can be no doubt that the signification of the word "town" as used in those acts must be restricted to that species of municipal corporation which is created under them and called towns. As was justly said in the opinion below, these acts expressly provide for the inhabitants of boroughs becoming incorporated thereunder as towns, while the Borough act of 1878 (*Gen. Stat., p.* 179), as originally enacted, provides for the formation of boroughs from townships only. By subsequent amendments this power seems to be somewhat extended, but the act of April 22d, 1886, expressly excluded the inhabitants of incorporated cities or towns from acquiring incorporation as a borough. That act was held to be unconstitutional by the Supreme Court. But the whole trend of this legislation does, I think, justify the deduction made in

the opinion below, namely, that towns, in our system, are a higher class of municipal corporations than boroughs.

In *Banta* v. *Richards*, 13 *Vroom* 497, the Supreme Court had before it an act authorizing towns to levy taxes for certain purposes and held that it did not apply to townships. But Mr. Justice Dixon, who delivered the opinion of the court, pointed out the varying signification given to the word " town " in our legislation, and suggested that it was capable of a meaning covering the class of municipal corporations lying between cities and townships.

From this variant use of the word, I think it obvious that, before we determine whether it is used in a particular statute in a restricted or in a more general sense, we must examine the whole statute, and if, from indications in the rest of the statute, it clearly appears that the legislative intent was to use it in one sense, that meaning must be given to it.

From the rest of the act now before us, I deem the legislative intent clearly appears, and that the words " any incorporated city or town " were meant to include every species of municipal corporations above the grade of townships. My conclusion is based upon the following provisions:

The proceeding provided for is initiated by a petition setting forth the boundaries of the district proposed to be incorporated, which is to be presented to the chairman of the township committee of the township in which the district or the greater part thereof is located. There is no provision for presenting the petition to any officer of a borough or other municipal corporation. If the greater part of the proposed district lies in such a corporation, the act would not avail the inhabitants.

When a petition is presented to the proper chairman of the township committee, the act requires him to call a meeting of his committee, or if the district lies in two townships a joint meeting of the committees of those townships, of which meeting a public notice is to be given. At such meeting, upon complaint of any landowner of the district that, in laying it

out, territory has been unreasonably included or excluded, the committee or committees are to hear and determine thereon and are authorized to make such changes in the boundaries as in their opinion will secure the best results from the incorporation to persons and property affected thereby. If the district includes parts of a borough or other such municipal corporation, it is obvious that it can have no representative in the tribunal empowered to make this important determination.

It is further provided that the same committee or committees shall order the election to decide whether the proposed city shall be incorporated, and fix the time and place or places for holding the same. If the election results favorably to incorporation, the chairman of the township committee who first called the meeting in pursuance of the petition is to certify its result, which certificate is to be attested by the clerk of his township and filed with the secretary of state, whereupon the district becomes incorporated. It is made the duty of the same chairman, within ten days thereafter, to call another meeting of the same committee or committees, who are empowered to divide the city into wards and fix the time of the first election in the new city. The act nowhere provides for any representative of a borough or other municipal corporation taking part in these proceedings.

But the provisions of the sixth section indicate the legislative intent that cities incorporated under this act shall be formed from townships alone, still more convincingly. It is thereby enacted that a city thus incorporated shall be independent of the township or townships "from whose territory it was taken;" that lands belonging to such townships and located within the city shall be the property of the city—all other lands belonging to said townships shall remain the property of the township where located; that all property debts and obligations of such township or townships at the time of incorporation shall be equitably divided between the city and such townships; if the city council and township committee or committees cannot agree on the division, either

may apply to the Court of Common Pleas, who are to appoint three commissioners not inhabitants or property-owners in such city or township or townships, who are to make such division, their determination to be final unless appealed from.

Upon reading the whole act, and especially the careful provisions for protecting the property rights of the township or townships out of which the new city has been formed, and noting that no provisions whatever have been made for protecting such rights of boroughs or other municipal corporations, I think the sense in which the legislature used the word "town" in the excluding clause of this act is very plainly indicated. In my judgment the legislative intent was that the district, the inhabitants of which might become incorporated under this act, should not include territory within the limits of any municipal corporation higher than that of a township. "Town," as used in the act, must be construed as including all such corporations ranging between cities and townships.

The result is that the proceedings to incorporate the city of Bloomfield were fundamentally wrong, because the district described in the petition included territory within the limits of the borough of Glen Ridge.

As this result compels an affirmance of the judgment of the Supreme Court, although on a different ground than that there taken, it is unnecessary to pass upon any of the other questions in the case.

*For affirmance*— THE CHANCELLOR, CHIEF JUSTICE, DIXON, GARRISON, GUMMERE, LIPPINCOTT, LUDLOW, MAGIE, BARKALOW, BOGERT, DAYTON, HENDRICKSON, NIXON. 13.

*For reversal*—None.