HENRY CROOKALL v. JAMES N. MATTHEWS.

1. The act of March 10th, 1893 (*Gen. Stat.*, p. 3443), which relates to townships in counties of the first class, is unconstitutional. A township in a county of the first class has no characteristics which would distinguish it from a township of the same population and necessities in any other county of the state.

2. The act of March 9th, 1896 (*Pamph. L.*, p. 55), by its title and the body of the act, relates only to town assessors. The act does not apply to townships.

3. The act of March 9th, 1891, entitled "A supplement to an act entitled 'An act incorporating the inhabitants of townships, designating their powers and regulating their meetings'" (*Pamph. L.*, p. 69), which provides that the assessors and collectors of the respective townships of this state, &c., shall hold their offices for three years, and repeals all acts and parts of acts inconsistent therewith, repeals the provisions of the act of 1871 (*Pamph. L.*, p. 1371), relating to the township of Kearney. *Held*, that assessors and collectors elected in the township of Kearney after the act of March 9th, 1891, took effect, held office for the term of three years respectively.

On information in the nature of *quo warranto*. On demurrer to the defendant's plea.

Argued at November Term, 1897, before MAGIE, CHIEF JUSTICE, and Justices DEPUE, GUMMERE and LUDLOW.

For the relator, *Joseph Parker, Jr.*

For the defendant, *Joseph F. Crowell* and *Thomas F. Noonan, Jr.*

The opinion of the court was delivered by

DEPUE, J.   The controversy in this case is with respect to the title of these parties respectively to the office of assessor of the town of Kearney, in the county of Hudson. The information was filed under the supplement to the Quo Warranto act, approved May 9th, 1884, which gave to any citizen who believes himself lawfully entitled to an office which, it

is alleged, another usurps, the right to file an information without the intervention of the attorney-general. By a supplement passed in 1895, it is provided that in all actions of *quo warranto* the court may, if the writ, return and pleadings are properly framed for the purpose, determine by its judgment not only the title of the respondent to the office in question, but also the title of the relator or relators to the same office. *Pamph. L., p.* 82. This information was filed in May, 1897, and the pleadings are so framed as to present the issue as to which of the two parties was entitled to the office of assessor at the time the information was filed. .

'The relator claims title to the office by virtue of an election held in said township on the 13th of April, 1897. The defendant claims title under a township election held on the 14th day of April, 1896, at which he was elected assessor.

The township of Kearney was incorporated under an act approved March 14th, 1867, setting off from the township of Harrison a new township to be called the township of Kearney. *Pamph. L., p.* 283. By virtue of the aforesaid incorporation, the township of Kearney became subject to and governed by the General Township act of 1846 and the amendments to that act. Section 12 of the General Township act of 1846 provides for the election of township officers, including assessors, to hold office for one year, and until others shall be chosen and legally qualified in their stead. *Gen. Stat., p.* 3583. In 1871 an act was passed entitled "An act for the improvement of the township of Kearney, and to increase the powers of the town committee of said township." *Pamph. L., p.* 1371. That act provided for the township of Kearney a system of township government in some particulars differing from township governments provided for by the act of 1846. It provided for the election of certain officers, among them assessors, to be elected annually at the annual spring elections. The act last referred to was passed before the amendment of 1875 to the constitution, which prohibited special legislation; but the constitutional interdict against special legislation was not in this respect retrospective, and

did not operate to repeal the act of 1871. *North Ward National Bank* v. *City of Newark,* 10 *Vroom* 380, 389.

But the question presented in this case is whether the act of 1871, relating to the township of Kearney, was or was not repealed by legislation subsequent to the constitutional amendment of 1875, by virtue of the constitutional provision which interdicted special laws in matters relating to the internal affairs of towns and counties, and required all subsequent legislation on that subject to be general.

The constitutional prescription contained in article 4, section 2, paragraph 11, with respect to legislation on the subject of the internal affairs of towns and counties, superseded the rule of construction previously in force, that a general law did not operate to repeal a special law on the same subject except by an express repealer. By force of that constitutional provision, general statutes relating to the internal affairs of towns and counties will, *proprio vigore,* repeal all inconsistent provisions and special charters whether an express repealer be stated or not, " for," as was said by Mr. Justice Dixon, " if this force be not ascribed to them the generality of statutes will be defeated by their being confined to narrower limits than an entire class, and thus by judicial interpretation the statute will become unconstitutional." *Haynes* v. *Cape May,* 23 *Vroom* 180, 182 ; *Road Commission* v. *Harrington Township,* 25 *Id.* 274, 276 ; *Morris* v. *Bayonne,* 24 *Id.* 299 ; *Catholic Protectory* v. *Kearney,* 27 *Id.* 385, 386.

To maintain his title to the office the defendant relies on several statutes, namely, an act passed March 10th, 1893. *Gen. Stat., p.* 3443. That act related to townships in counties of the first class. That legislation is plainly unconstitutional. A township in a county of the first class has no characteristics which would distinguish it from a township of the same population and necessities in other counties of the state. The act of March 9th, 1896 (*Pamph. L., p.* 55), has no relevancy to this case. By its title and in the body of the act this legislation relates only to town assessors. In construing the constitutional provisions the courts have held

that cities and townships are included under the designation of towns, but that construction is inapplicable in the construction of statutes where the legislative intent is the subject-matter of consideration. Towns, townships, boroughs and cities, in legislation, are treated as municipalities belonging to different classes. There is nothing in the subject-matter of this legislation that will exclude it from this construction. *Stout* v. *Glen Ridge*, 30 *Vroom* 201, 203. The defendant also relies upon an act passed March 9th, 1891, entitled "A supplement to an act entitled 'An act incorporating the inhabitants of townships, designating their powers and regulating their meetings.'" *Gen. Stat.*, *p.* 3593, § 71. This act provides "that the assessors and collectors of the respective townships of this state elected after the passage of this act shall hold their offices for the term of three years," and "that all acts or parts of acts inconsistent with this act be and the same are hereby repealed." This act is a supplement to the General Township act of 1846 (*Rev.*, *p.* 1190), and took effect immediately upon its passage. This statute is a general law relating to the townships of this state, and by force of the constitutional provision in question, as construed by the cases above cited, operated to repeal the special provisions with respect to the terms of office of assessors and collectors in any township of this state. Kearney township was incorporated as one of the townships of this state, with the rights and privileges of a township of this state. By force of the act of March 9th, 1891, the special law in force in the township of Kearney, passed April 6th, 1871, was abrogated, and assessors and collectors elected after the act of 1891 became the law held office for the term prescribed by that act.

But on the part of the relator it is contended that the act of March 9th, 1891, was declared unconstitutional by the decision of this court in *Canfield* v. *Davies*, *ante p.* 26. This contention is erroneous in fact. The act that was pleaded and under consideration by the court in that case was the act of April 14th, 1891. *Pamph. L.*, *p.* 417 ; *Gen. Stat.*, *p.* 3438.

The latter act was adjudged unconstitutional by this court because of its limitation to townships having a population of ten thousand or over. The act of March 9th, 1891, was neither presented in the pleadings nor considered by the court, and the act of March 9th, 1891, is free from the imperfections contained in the act of April 14th, 1891, which was the ground of decision in Canfield *v.* Davies. The act of March 9th, 1891, is general in all respects and is a valid act of legislation.

The plea of the defendant is that, at the annual town meeting held in said township on the 11th of April, 1893, he was duly elected assessor of said township for the term of three years, to wit, until the 14th day of April, 1896, and that at the annual town meeting held on the 14th of April, 1896, he was again duly elected assessor of such township and duly qualified to hold the office. By the act of March 9th, 1891, the defendant, in virtue of his election on the 14th of April, 1896, took office for the term of three years, which has not expired.

The relator rests his title on an election to the office of assessor at the spring election of 1897. His title rests on the provisions of the special act of 1871, relating to the township of Kearney. This act was abrogated by the general act of March 9th, 1891. There was not, at the time of the election of the relator, a vacancy in the office of assessor, the defendant being in office in virtue of his election in April, 1896, pursuant to the act of March 9th, 1891.

The defendant's plea shows title to the office in him, and on the demurrer, judgment should be given for the defendant.