## ACQUACKANONK WATER COMPANY v. CITY OF PASSAIC AND CITIZENS WATER COMPANY OF PASSAIC.

## DUNDEE WATER POWER AND LAND COMPANY v. SAME.

Argued June 9, 1900—Decided November 12, 1900.

The act of April 2d, 1888 (*Gen. Stat., p.* 2210), is a general law passed in obedience to the constitution of the state, and as such it supersedes and annuls all prior special and local laws which authorized municipal corporations to contract for a supply, or further or other supply of water, for the use of such municipalities or the inhabitants thereof.

On *certiorari.*

Before Justices DIXON and COLLINS.

For the Acquackanonk company, *Thomas M. Moore.*

For the Dundee company, *William W. Watson.*

For the city of Passaic, *Adrain D. Sullivan.*

For the Citizens Water Company, *William B. Gourley.*

The opinion of the court was delivered by

DIXON, J. This *certiorari* brings up an ordinance of the city of Passaic, passed February 19th, 1900, for the purpose of entering into a contract with the Citizens Water Company, similar to that adopted by the city of Paterson, and considered by this court in *Passaic Water Co.* v. *Paterson, ante p.* 472.

The power to pass the ordinance is rested chiefly on the act of April 2d, 1888 (*Gen. Stat., p.* 2210), and consequently the opinion delivered in that case is applicable to this, and determines the disposition of it, save for a matter now to be noticed.

The defendants insist that, beside the act of April 2d, 1888, the city charter (*Pamph. L.* 1873, *p.* 484) empowers the city to pass this ordinance and enter into this contract, by force of the section which authorizes the council to raise by tax money "for supplying the city with water."

Without attempting to define the scope of the power thus delegated, it seems clear that so far as it authorizes the council *to contract* for supplying the city with water, it is superseded by the act of April 2d, 1888. That act is a general law passed in obedience to the constitution, for the purpose of conferring and regulating the authority of municipalities to contract for a supply of water to them and their inhabitants. As such general law, it must, on the principle laid down in *Haynes* v. *Cape May,* 23 *Vroom* 180, abrogate and annul all pre-existing special and local laws which granted or regulated such authority, so as to become itself the source and measure of municipal power on that subject.

No support for this ordinance, therefore, can be derived from the city charter; and for the reasons stated in the Paterson case the proceedings under review must be set aside, with costs.