HERMAN E. MARGOLIES v. ATLANTIC CITY.

Argued June 7, 1901—Decided November 11, 1901.

1. The act of March 1st, 1882, gives to cities the power to provide by ordinance for licensing, regulating, restraining and taxing auctions and auctioneers. *Held,* that an ordinance which, in express terms, fixes a license fee for auctions and auctioneers (no reference being made to revenue), and which also, under another law, fixes a license fee for various employments which cannot be taxed for revenue, must be held to be an exercise of the police power only under both laws.

2. This court has the power to determine whether the imposition of such license fees is a reasonable exercise of police power. The fee in this case, being $2,500, is held to be unreasonable and illegal.

3. *Quære.* Whether the act of 1882 gives to cities power to prevent the engaging in lawful occupations by imposing a prohibitive tax.

---

On *certiorari* to review an ordinance of the common council of Atlantic City.

Before Justices VAN SYCKEL, FORT and GARRETSON.

For the prosecutor, *Thompson & Cole.*

For the defendant, *Godfrey & Godfrey.*

The opinion of the court was delivered by

VAN SYCKEL, J. On the 17th of May, 1901, the common council of Atlantic City passed an ordinance "governing, regulating and fixing fees of mercantile licenses in Atlantic City, N. J., and regulating the businesses licensed."

The ordinance provides that the fees to be paid to Atlantic City for a license to conduct the businesses therein mentioned shall be the amounts thereinafter particularly specified.

A great many industries are enumerated in the ordinance; among others, stores engaged in various kinds of business, the license fees for which run from $8, the lowest, to $35, the highest, with one exception. The license fee for auctioneers is fixed at $25.

The license fee for stores selling goods at auction is .$2,500; the right of the city to impose such a license fee is assailed by the prosecutor, who applied for a license as auctioneer and to sell Japanese goods, and was refused license unless he paid $2,500. He is therefore entitled to prosecute this writ. *Morgan* v. *Orange,* 21 *Vroom* 389.

The city relies upon the act of March 1st, 1882 (*Pamph. L., p.* 35) to support the ordinance as to auctioneers.

That act provides that "the board of aldermen, common council, or other legislative body of every incorporated city or borough within this state, shall have power to provide, by ordinance, for licensing, regulating, restraining and taxing of auctions, within the corporate limits of said city or borough, and of auctioneers carrying on, or intending to carry on, their said business within said limits, and to fix penalties for the violation of the same, and to prescribe the manner of collecting said penalties and of enforcing said ordinances."

In *Mulcahy* v. *Newark,* 28 *Vroom* 515, Mr. Justice Dixon accurately states the established rule in this state as follows:

"Authority to exact license fees may be classified either under the police power or under the taxing power. In the absence of any indication to the contrary, it is deemed a branch of the police power, and as such it warrants the exac-

tion of no fees beyond the reasonable expense of issuing the license and regulating the thing licensed."

The power to license is a police power, and must be exercised by the imposition of a reasonable fee, the action of the municipal authorities being subject to review in this court.

In *North Hudson County Railway Co.* v. *Hoboken,* 12 *Vroom* 71, Mr. Justice Depue said that the exaction of license fees for revenue purposes is the exercise of the power of taxation; that the distinction between the power to license as a police regulation and the same power as a revenue measure is of the utmost importance. If granted with a view to revenue, the amount of the tax, if not limited by the charter, is in the discretion and judgment of the municipal authorities.

If, therefore, the power of taxation in the case in hand has been lawfully committed by the legislature to Atlantic City, and if it has been exercised in accordance with the legislative act, this court has no power to set aside the ordinance because the tax may be deemed to be excessive.

The act of 1882 expressly provides for the taxing of auctions and auctioneers, and there can be no question that the grant of the taxing power is within the language of the act.

Many of the license fees are authorized only by the charter of Atlantic City (*Pamph. L.* 1866, *p.* 318), which must be only for police regulation.

This is the situation: The ordinance provides for license fees for many cases in which fees can be exacted only as a police regulation, and not for revenue, and in the same ordinance the license fee for stores selling goods at auction is specified without declaring that it or any of the fees are for revenue; the presumption therefore must be that all the fees are established for a like purpose, namely, as a police regulation, and not for revenue.

If there is any doubt in this respect, it is removed by reference to the act of 1882.

That act gives to the city power to provide by ordinance in four respects:

*First.* For licensing auctions and auctioneers.

*Second.* For regulating them.

*Third.* For restraining them.

*Fourth.* For taxing them.

Any of these powers may be exercised, under the act, without the exercise of all of them.

The ordinance provides only for licensing and regulating these employments.

No declaration is made in the ordinance that the city intended to avail itself of the granted power to tax, and the ordinance must be regarded, in the language used in it, as the exercise of the power to license and regulate as a police regulation.

It is competent therefore for the court to determine whether the fixing of a license fee of $2,500 is a reasonable exercise of police power.

The fee is so large, and so out of proportion to any lawful purpose to which it could be applied in the use of the police power, that it must unhesitatingly be declared to be unreasonable and illegal.

But if the ordinance had expressed the intention to make use of the taxing power, the question would be presented whether the legislature, by this act, has conferred upon the local government the power to prevent its inhabitants from engaging in a lawful occupation by imposing a tax which, in effect, prohibits it.

The city doubtless may restrain any occupation in any respect in which it is carried on to the public detriment, but whether it can be prohibited absolutely is a question not necessary now to be decided.

The ordinance, so far as it imposes the license fee of $2,500, is illegal, and should be set aside, with costs.