MARGARET O'NEILL, EXECUTRIX OF CHARLES H. O'NEILL, DECEASED, v. THE MAYOR AND COMMON COUNCIL OF THE CITY OF HOBOKEN.

Argued February 17, 1904—Decided March 9, 1905.

1. When, under a contract for compensation entered into with some public agency, a private party has rendered service or expended money in an enterprise which is beneficial to a particular municipality, and for which the legislature might, in the first instance, have made that municipality chargeable, it is competent for the legislature to discharge the original agency and fix the obligation to pay the compensation on the municipality itself.

2. The character and extent of the swampy land lying in the city of Hoboken and the township of Weehawken, at the foot of Bergen hill, were such that the legislature might constitutionally deem its drainage a public enterprise, to be carried on at the expense of those municipalities.

3. The commissioners appointed under the Drainage act of April 4th, 1866 (*Gen. Stat., p.* 941), were commissioners *of, for or on behalf of* the city of Hoboken and the township of Weehawken, within the meaning of the act providing for the payment of improvement certificates, passed April 8th, 1903. *Pamph. L., p.* 514.

On demurrer to declaration.

Before GUMMERE, CHIEF JUSTICE, and Justices DIXON, GARRISON and SWAYZE.

For the plaintiff, *Leon Abbett.*

For the defendant, *James F. Minturn.*

The opinion of the court was delivered by

DIXON, J. The declaration in this case avers that, by "An act to provide for the drainage of certain lowlands in the city of Hoboken and the township of Weehawken," approved April 4th, 1866 (*Pamph. L., p.* 941), several persons were appointed commissioners by and on behalf of Hoboken to exercise the powers and discharge the duties specified in the act; that in pursuance thereof the commissioners contracted with certain

persons to construct a drain in Ferry street, in Hoboken, for the purpose of draining certain lowlands in the city; that those persons constructed the drain and thus drained the lowlands; that in payment therefor the commissioners, on August 18th, 1868, executed and delivered to those persons an improvement certificate for the sum of $500, and afterwards those persons assigned the certificate to the plaintiff's testator. The declaration then sets forth *in extenso* the act providing for the payment of improvement certificates, which was passed April 8th, 1903 (*Pamph. L., p.* 514), and alleges as facts the circumstances deemed necessary to bring this certificate within the purview of that act and thus show it to be made a debt of the city of Hoboken.

The city demurs to the declaration on the following grounds:

*First.* That under the provisions of the law creating the board of Hoboken and Weehawken drainage commissioners, said board had no power to make the improvement certificates issued by them a charge against the general funds of the city, and that said improvement certificates could be legally paid by the defendant only "from the moneys received from the payment of assessments."

*Second.* That the act approved April 8th, 1903, is a legislative attempt to revive claim against the defendant, which was barred by the statute of limitations, and that said act is therefore an interference with vested rights, and in violation of the federal and state constitutions, and is therefore void.

*Third.* That said act of April 8th, 1903, is otherwise unconstitutional and void.

The first ground stated is unquestionable, but it does not meet the plaintiff's claim, which is based on the act of 1903, not on the authority of the board of commissioners.

The second and third grounds may be regarded as raising the question whether the legislature had power, when it passed the act of 1903, to create against the city a legal obligation to pay the plaintiff's claim. Clearly, if it had, there is no statute of limitations to bar the plaintiff's suit.

The decision in *Rader* v. *Township Committee of Union,* 10

*Vroom* 509, affirmed on error in 12 *Id.* 617, establishes, I think, this proposition, that when, under a contract for compensation entered into with some public agency, a private party has rendered service or expended money in an enterprise which is beneficial to a particular municipality, and for which the legislature might, in the first instance, have made that municipality chargeable, it is competent for the legislature to discharge the original agency and fix the obligation to pay on the municipality itself.

A reference to present conditions will show that they come within the range of that proposition.

The court will take judicial notice of the fact that there was naturally a large tract of low and swampy land lying in the city of Hoboken and the township of Weehawken, at the foot of Bergen hill, and that the character and extent of this land were such that the legislature might constitutionally deem its drainage a public enterprise to be carried on at public expense. *Tidewater Co.* v. *Coster*, 3 *C. E. Gr.* 518; *Britton* v. *Blake*, 6 *Vroom* 208; on error, 7 *Id.* 442. That the legislature did regard the drainage of these lands as a public enterprise is manifest. The statute providing for the drainage was declared to be a public act, and the commissioners who were charged with the duty of accomplishing the legislative design were invested with the power of eminent domain, and also with the power of taxation, so far as needed to support assessments for benefits conferred on private property. These features indicate beyond controversy that the legislature regarded the work as a public one. If the act of 1903 applies to this work, it is equally clear that the legislature intends that it shall be paid for at public expense, for the act explicitly declares that the outstanding debts incurred therefor in the form of improvement certificates shall be a lawful indebtedness of the municipality concerned.

That the drainage of these extensive swamps within the city of Hoboken would be conducive to the health and comfort of the community throughout the city, and hence was a matter of local interest and benefit which the legislature might have committed to and made chargeable upon the municipality, is

not, and, I think, cannot be questioned. 10 *Am. & Eng. Encycl. L.* 220.

It remains to consider whether the act of 1903 applies to the case in hand.

In terms the act refers only to cases in which a single municipality is concerned, and the defendant contends that here there were two municipalities. But our act relative to statutes (*Gen Stat., p.* 3195) provides that whenever, in describing or referring to any party any word importing the singular number is used, the same shall be understood to include and shall apply to several parties as well as one party, and bodies corporate as well as individuals, unless it be otherwise provided or there be something in the subject or context repugnant to such construction. Nothing appears to preclude such construction for the act of 1903. If therefore we regard the act as imposing an obligation on Hoboken and Weehawken jointly, it does not aid the defendant, because the non-joinder of Weehawken is not stated as a ground of demurrer.

But, further, to bring the case within the act, it must appear that the improvement certificate was issued by commissioners *of, for or on behalf of* the municipality charged. This, I think, does appear in the present case.

According to the original act of 1866, three of the five commissioners appointed had been nominated by the common council of Hoboken and two by the town committee of Weehawken; those bodies were empowered to remove any of the commissioners for cause, and when any vacancy occurred in the representation which each of these municipalities thus acquired in the board of commissioners, the authorities of that municipality were empowered to fill it. This situation is, I think, such a one as the legislature had in mind when it passed the act of 1903.

No other objection to the plaintiff's declaration has been suggested on behalf of the demurrant, and the demurrer should be overruled.