THE CARLSTADT NATIONAL BANK v. THE BOROUGH OF
HASBROUCK HEIGHTS.

Argued June 5, 1912—Decided November 11, 1912.

1. The act entitled "An act providing for the payment of certificates,
notes or other evidences of indebtedness, issued by commissioners
appointed under an act entitled 'An act to provide for the drain-
age of any pond, artificial reservoir, marsh, swamp, bog, meadow,
low or wet lands, where the same is necessary for the public
health,' approved March thirty-first, one thousand nine hundred
and three, and the various supplements and amendments thereto,
for the purpose of providing for the payment of the costs, damages
and expenses of any drainage undertaken by them under the pro-
visions of said acts," approved April 6th, 1911 (*Pamph. L., p.*
155), is a general act, and is constitutional.
2. By virtue of the control of municipal corporations which is vested
in the legislature, whose governmental agencies they are, it was
competent for the legislature to pass the act approved April 6th,
1911 (*Pamph. L., p.* 155), and thereby impose upon municipalities
an obligation to repay moneys which had been loaned to such
municipalities under the circumstances therein set forth, and
such legislation is not obnoxious to the fourteenth amendment to
the federal constitution, and by it property is not taken without
due process of law.

On demurrer to declaration.

Before Justices SWAYZE, VOORHEES and KALISCH.

For the demurrant, *Warner W. Westervelt, Jr.,* and *Michael
Dunn.*

For the plaintiff, *Edward J. Luce, Walter A. Kipp* and
*Robert H. McCarter.*

The opinion of the court was delivered by

VOORHEES, J. The defendant borough has demurred to a
declaration, which is founded upon a debt created against it
by an act entitled "An act providing for the payment of cer-
tificates, notes or other evidences of indebtedness, issued by

commissioners appointed under an act entitled 'An act to provide for the drainage of any pond, artificial reservoir, marsh, swamp, bog, meadow, low or wet lands, where the same is necessary for the public health,' approved March thirty-first, one thousand nine hundred and three, and the various supplements and amendments thereto, for the purpose of providing for the payment of the costs, damages and expenses of any drainage undertaken by them under the provisions of said acts," approved April 6th, 1911. *Pamph. L.,* *p.* 155.

The declaration recites the proceedings taken under the act of 1903 (*p.* 131), and its supplements and amendments; that the commissioners appointed therein determined that the drainage contemplated was necessary for the public health; that in order to raise funds for the accomplishment of the work, the commissioners borrowed of the plaintiff $15,600 upon certain certificates of indebtedness issued by said commissioners (some of which were renewal certificates), as provided in the act of 1903 and its amendments, that the certificates have become due and are unpaid.

The declaration further avers that the certificates so issued by the commissioners were for the purpose of providing for the payment of such costs, damages and expenses; that the district drained lies partly within the territorial limits of the defendant, and partly within other municipalities, and that the work was a public enterprise, beneficial to the defendant; that the moneys loaned by the plaintiff to the commissioners were loaned for the purpose of being expended, and were expended, in the enterprise of draining said lands, and that by reason of the premises, and of the statute in such case made and provided, the said defendant became indebted to the plaintiff for such proportion of said indebtedness, evidenced by and intended to be secured by said certificates, and of the several sums so as aforesaid loaned by the plaintiff to the commissioners, as the total taxable ratables of the defendant bear to the total taxable ratables of said borough, and of the other municipalities particularly named within the territorial

limits of which the said drained district lies, as the said ratables in each case appear upon the list of ratables made for the purpose of taxation in the year 1910 of each of the said municipalities, viz., the borough of Hasbrouck Heights, Wood Ridge and Moonachie and the township of Lodi.

Both parties admit that the acts of 1903 and 1908 are unconstitutional as declared by this court in *Midland* v. *Maywood,* 51 *Vroom* 76; affirmed, 53 *Id.* 741, and that this action must be maintained, if at all, by virtue of the act of 1911.

The act last cited was passed in view of the fact that the legislation under which this drainage scheme had been undertaken had been declared invalid, as above stated, and in order to do justice to those who had loaned their money to the municipalities, upon the faith of the validity of the legislative acts, to be expended for purposes beneficial to the municipalities and their inhabitants.

This act is constitutional. Control of municipal corporations is vested in the legislature whose governmental agencies they are. *O'Neill* v. *Hoboken,* 43 *Vroom* 67; *O'Neill* v. *Hoboken,* 44 *Id.* 189, 190.

The act of 1911, referring to such certificates of indebtedness, provides that they "shall be considered to be and are a lawful indebtedness of the municipality or municipalities in which the drained district lies."

The defendant asserts further that the act of 1911 does not repeal the provisions of the act of 1903, concerning the date of payment, or the mode of payment, and the mode of raising the money to pay the certificates, and that the suit has been brought prematurely, because the due dates mentioned in the original certificates have not arrived.

The very necessity for and object of passing the act of 1911 were the void character of the certificates, and it is immaterial whether they complied with the act of 1903, or any of its provisions. That legislation being void, the proceedings under it were void. The validating act proceeds upon the meritorious money consideration which passed by the loans to the municipality. So that the form of or provisions con-

tained in the issued certificates are of no consequence. The certificates being void, they must be void for all purposes, hence the defendant cannot shield itself by saying that the day of payment as mentioned in them has not yet arrived.

The obligation to repay the moneys loaned was created by the act of 1911. The averment of the declaration that the moneys were loaned to the township for the beneficial purpose of draining the district, is admitted by the demurrer.

There is no substance in the contention that the act of 1911 is special legislation, for it is applicable to all municipalities similarly situated. It is a general act, imposing upon the municipalities which have lands of the character described in the act, a liability to defray the expenses of their drainage as beneficial to public health. Municipalities thus classified are classified upon a substantial basis to make the legislation general in its character. This legislation is not obnoxious to the fourteenth amendment to the federal constitution. By it, no one is deprived of property without due process of law. Draining and irrigation are public improvements, involving the determination of facts, the decision of the necessity or propriety of undertaking it, as well as the method by which the expenses are to be defrayed, and the raising of such funds is a matter confided to the legislature, and rests in its discretion. *McGehee, Due Process Law* 247, 248.

The plaintiff is entitled to judgment.