THE STATE, EX REL. WALTER AND OTHERS, v. THE TOWN OF UNION, IN THE COUNTY OF HUDSON.

1. The act of the legislature of March 11th, 1868, entitled "an act to amend an act to incorporate the town of Union, in the township of Union, in the county of Hudson, approved March 29th, 1864," and which act, after reciting an ordinance made by the councilmen of said town of Union, entitled "an ordinance to authorize the construction of a sewer in the Hackensack plank road, from a point one hundred feet westerly of the Bergen line road, to a point three hundred and

State, ex rel. Walter et al., v. Town of Union, county of Hudson.

sixty feet easterly from Durar street," passed April 30th, 1866, validates the said ordinance, and all the proceedings had under it, as fully as if every provision of the town charter had been complied with, and provides that no *certiorari* shall be had or maintained to set aside the same.

*Held*—not to be void under that provision of our state constitution which directs that every law shall embrace but one object, and that shall be expressed in the title.

2. The unity of the object must be sought in the end which the legislative act purposes to accomplish, and not in the details provided to reach that end.

3. The degree of particularity which must be used in the title of an act, rests in legislative discretion.

4. There are many cases where the object might, with great propriety, be more specifically stated, yet the generality of the title will not be fatal to an act, if by fair intendment, it can be connected with it.

5. Enactments which dispense with the use of formalities not essential to the jurisdiction of courts, and which validate proceedings had by municipal corporations under their charters, notwithstanding irregularities apparent in them, have frequently received judicial sanction.

6. Such enactments, even if made pending judicial proceedings, are not unconstitutional.

For plaintiffs, *Abel I. Smith.*

For defendants, *Leon Abbett.*

The opinion of the court was delivered by .

VAN SYCKLE, J.   The writ of *certiorari* allowed in this case, November 6th, 1867, brings up for review the acts and proceedings of the councilmen of the town of Union, touching the construction of a sewer in the Hackensack plankroad, in said town, purporting to have been had under an ordinance of the councilmen of said town, entitled "an ordinance to authorize the construction of a sewer in the Hackensack plank road from a point one hundred feet westerly of the Bergen line road to a point three hundred and sixty feet easterly from Durar street," passed April 30th, 1866, and also the assessments of the costs, charges, and expenses for said work.

This writ is prosecuted by land owners who have been assessed for the costs of the work.

It is admitted that the ordinance was not passed with the formalities required by the town charter, and that the objections made to these proceedings by the plaintiffs in *certiorari* must prevail, unless the defects have been cured by subsequent legislation of March 11th, 1868. *Pamph. L.* 1868, *p.* 351.

This case turns upon the validity and effect of this act, which is entitled " an act to amend an act to incorporate the town of Union, in the township of Union, in the county of Hudson, approved March 29th, 1864."

This act recites the title of the ordinance in question, and provides that said ordinance, and all the proceedings of said council thereunder, shall be as valid as if every provision of the town charter had been complied with, and that no *certiorari* shall be had or maintained to set aside the same.

It is insisted that this act is void under that provision of our state constitution, which directs that every law shall embrace but one object, and that shall be expressed in the title.

Anciently, acts of the English parliament had · no titles ; the practice of entitling them probably commenced in the reign of Henry the third.   Titles were then prefixed by the clerk of the house which originated the bill, and did not possess the importance that constitutional provision in many of the states has now given them.

The language employed in our constitution clearly defines the evils intended to be guarded against.

It reads as follows : " To avoid improper influences which may result from intermixing, in one and the same act, such things as have no proper relation to each other, every law shall embrace but one object, and that shall be expressed in the title."

The object of this provision is to prevent surprise upon legislators by the passage of bills, the object of which is not indicated by their titles, and also to prevent the combination of two or more distinct and unconnected matters in the same bill.

State, ex rel. Walter et al., v. Town of Union, county of Hudson.

A like provision in the several state constitutions has been liberally construed by the courts, so that its beneficial purposes might be secured, without embarrassing legislation.

In *The Sun Mutual Insurance Company* v. *Mayor of New York*, 8 *N. Y.* 253, the Court of Appeals say that the constitutional provision, " that no private or local bill which may be passed by the legislature shall embrace more than one subject, and that shall be expressed in the title," is intended to prevent the members of the legislature, and the people from being misled by the title.

In *Gifford* v. *New Jersey Railroad Company*, 2 *Stockton* 172, it was held that an act entitled "a supplement to the Newark and Bloomfield Railroad," which authorized said company to construct a bridge over the Passaic river, and connect with a branch with the New Jersey Railroad by agreement with the latter company, and which also authorized the New Jersey Railroad Company to build such branch road, did not contravene the constitutional provision in question. In his opinion, the Chancellor says, " the design of this provision is declared to be to prevent improper influences which may result from intermixing in one and the same act such things as have no relation to each other. The objects in the supplement, however, are parts of the same enterprise, and cannot be said to have any improper relation to each other."

The Supreme Court of Iowa, in *The State* v. *County Judge of Davis County*, 2 *Iowa* 282, say that their constitutional provision, which is substantially like our own, " was intended to prevent the union, in the same act, of incongruous matters, and of objects having no connection, no relation, and with this it was designed to prevent surprise in legislation, by having matter of one nature embraced in a bill whose title expressed another."

The following will be found to be the result of adjudicated cases in those states where the constitutional provision does not differ materially from our own.

It is not intended to prohibit the uniting in one bill of any

number of provisions having one general object fairly indicated by its title.

The unity of the object must be sought in the end which the legislative act purposes to accomplish, and not in the details provided to reach that end. The degree of particularity which must be used in the title of an act rests in legislative discretion, and is not defined by the constitution. There are many cases where the object might with great propriety be more specifically stated, yet the generality of the title will not be fatal to the act, if by fair intendment it can be connected with it. *Deegan* v. *Morrow*, 2 *Vroom* 136; *Brewster* v. *Syracuse*, 19 *N. Y.* 116; *Indiana R. R.* v. *Potts*, 7 *Ind.* 684; *Sun Mutual Ins. Co.* v. *Mayor of New York*, 8 *N. Y.* 253; *Walker* v. *Caldwell*, 4 *Louisiana* 293; *People* v. *Mahany*, 13 *Mich.* 495.

The validity of acts with general titles has been so long recognized by our courts, that it cannot now be questioned that under the title, "an act to incorporate the town of Union," a government for the town could be established, including taxation for its support, courts for the trial of offenders, authority for laying out streets, building sewers, and making assessments. Under any other rule it would be impossible to organize a city government without a large number of distinct acts. If under that general title, the formalities for building a sewer and making the assessments may be prescribed, there is no reason why a dispensation from the use of the required forms may not be granted by an act entitled " an act to amend an act to incorporate the town of Union."

If this objection was sustained, it would annul a large portion of the legislation of this state, and render future legislation very difficult. The construction claimed by the plaintiffs is not warranted.

It is also urged that legislative action could not heal the defects in the pending proceedings.

This objection rests upon a want of legislative power, and therefore it cannot be sustained, unless in a clear and de–

cided case. Our legislature is not like the English parliament, unrestrained in declaring the law, but is circumscribed by express limitation or by necessary implication.

These restraints are imposed by the constitution of the United States, and by our own state constitution. The act in question must carry with it a healing power, unless it can be shown that one or the other of these instruments restrains its passage.

The act is retrospective in its character and operation, but on that account is not inhibited. *State* v. *City of Newark*, 3 *Dutcher* 185.

It is not an attempt on the part of the legislative branch of the government to compel the courts to adopt a particular construction of an act in force, or a certain view of a case submitted to their decision.

The courts have uniformly resisted attempts of the legislature to control their action by setting aside their judgments, requiring a particular construction of the law, or compelling the granting of new trials. Such legislation would render the law-maker obnoxious to the charge of usurping judicial power. Such enactments differ in their character essentially from those which dispense with the use of formalities which are not essential to the jurisdiction of the court, and also from those which validate proceedings had by municipal corporations under their charters, notwithstanding irregularities apparent in them. Legislation of this nature has frequently received judicial sanction. *Walpole* v. *Elliott*, 18 *Ind.* 258 ; *People* v. *Mitchell*, 45 *Barbour* 208 ; *Schenley* v. *Commonwealth*, 36 *Penn. St.* 29 ; *State* v. *Newark*, 3 *Dutcher* 185.

The irregularities in the proceedings to be reviewed are—

1. That the ordinance was not introduced at a previous stated meeting of the council, and agreed to by at least four councilmen, as required by the town charter.

2. That the records of the proceedings of council are imperfect.

3. That the map and assessments did not remain on file for the required time.

4. That proper notice was not given of the proceedings.

These are substantially the imperfections sought to be remedied by the act in question.

Were these ailments beyond the reach of the curative power of legislation ? Municipal corporations are mere creatures of legislation, from which they derive all the powers which they exercise. They have no inherent jurisdiction to make laws or regulations of government. Their powers rest upon legislative grant, and must be expressly or impliedly conferred.

The power creating these corporate privileges prescribes the rules and declares the formalities under which they shall be called into action, and in granting them does not divest itself of the right at all times to modify or altogether abolish them, in legislative discretion.

The legislature unquestionably could, by act anterior to these proceedings, have dispensed with those formalities which have not been observed, and could have prescribed a mode of procedure with which the proceedings that have been had would have been in strict accordance. No restraint, either by expression or implication, appears upon the right of the lawgiver to dispense, by subsequent legislation, with the necessity for those formalities, which might have been made immaterial by prior law.

The legislature had the right to authorize the town of Union to build the sewer, and assess the costs and expenses, without requiring an observance of the particular forms specified in the charter. The condition requiring such observance was a mere restraint upon the use of the power conferred on the corporation. The failure of the corporators to comply with these strict provisions could not impair the power of the legislature to remove the necessity of adhering to them. It is not material that the legislative act was passed while the writ of *certiorari* was pending in this case. The bringing of a suit vests no right to a particular judgment ; the case must be determined on the law as it exists when judgment is rendered. *Butler* v. *Palmer*, 1 *Hill* 324.

It must be held in this case that the act of our legislature has accomplished its declared purpose.

The act of March 11th, 1868, provides that nothing therein contained shall preclude the Supreme Court from setting aside the assessment of the commissioners, if, in the opinion of the court, the commissioners did not assess the lands in proportion to the benefits received.

In this respect the court find no error, and the proceedings must, therefore, be sustained.

If the act of March 11th, 1868, had simply enacted that no *certiorari* should be had or maintained to set aside the proceedings brought here for review, a different question would have been presented.

Whether such a provision, standing alone, could control the judgment of the court, or restrain the use and operation of its process, it is not necessary to decide in this case, as the act, in express terms, validates the proceedings had under the ordinance.

CITED *in State, ex rel. Trustees, &c.,* v. *Readington,* 7 *Vr.* 69; *State, Copeland, pros.,* v. *Passaic,* 7 *Vr.* 385; *State, ex rel. Doyle,* v. *Newark,* 5 *Vr.* 239; *State, Vreeland, pros.,* v. *Bergen,* 5 *Vr.* 440; *Cleveland* v. *Board of Finance, &c.,* 9 *Vr.* 265; *State, Kohler, pros.,* v. *Guttenburg,* 9 *Vr.* 420; *Rader* v. *Township of Union,* 10 *Vr.* 514.