THE STATE, EGBERT S. PECK ET AL., PROSECUTORS, v. THE INHABITANTS OF THE TOWNSHIP OF RARITAN, IN THE COUNTY OF MIDDLESEX, ET AL.

| 52 | 319 |
|----|-----|
| 59 | 123 |
| 52 | 319 |
| 60 | 98 |
| 52 | 319 |
| 63 | 495 |
| 52 | 319 |
| d67 | -607 |

By the "Act to authorize the division of townships into street lamp districts, and the erection and maintaining of street lamps in said districts," approved April 2d, 1888 (*Pamph. L., p.* 355), the districts authorized are not made political corporations or divisions of the state and the act is invalid, because it provides for a tax on property within a district less in area than the township, without reference to special benefits.

On *certiorari.*

This *certiorari* brings up a resolution of the township committee of the township of Raritan, in the county of Middlesex, establishing "A district for the purpose of lighting the streets with street lamps," which, as finally amended and passed, designated by metes and bounds a district called No. 1, and declared the rest of the township to be district No. 2.

Argued at November Term, 1889, before Justices VAN SYCKEL, MAGIE and GARRISON.

For the prosecutors, *G. Collins.*

The opinion of the court was delivered by

MAGIE, J. The authority of the township committee to pass the resolution brought before us by this writ, if it exists, was derived from the "Act to authorize the division of townships into street lamp districts, and the erection and maintaining of street lamps in said districts," approved April 2d, 1888. *Pamph. L., p.* 355.

Prosecutors contest the validity of the grant of authority made by this act, on the ground that it delegates power to

create a district for taxation, covering an area less than the township.

It is entirely settled in this state, that the legislature has no power, either to establish or to delegate the power to establish a district less in area than a political corporation or division of the state, within which to impose taxes. *Baldwin* v. *Fuller*, 10 *Vroom* 576; *S. C.*, 11 *Id.* 615; *Vreeland* v. *Jersey City*, 14 *Id.* 135; *Morgan* v. *Elizabeth*, 15 *Id.* 571.

The act in question purports to authorize any township committee to divide the township into districts, and to define and declare the boundaries of such districts; it purports to authorize the legal voters of any such district to fix and determine the sum of money to be expended within such district for the erection and maintenance of street lamps; it provides that the sum fixed shall be certified to the township committee, who shall direct the township assessor to assess the same on the taxable property within that district in the manner in which township taxes are assessed, and the money assessed is to be collected as other taxes are and paid to the township committee, to be held and expended by them for the purpose of the erection and maintaining of street lamps in that district.

Therefore, by the terms of the act, moneys for the purpose of lighting streets must be raised by a general tax on the property within a district less than the township.

Unless the districts thus formed become political divisions of the state, the act is manifestly objectionable upon the principles established in the cases before cited.

The first question presented, therefore, is, whether the districts authorized by this act are made political corporations or divisions of the state. That they occupy an area within and less than the township will not answer this question, because dual governments with distinct functions may co-exist. *Baldwin* v. *Fuller, ubi supra; Auryansen* v. *Hackensack*, 16 *Vroom* 113. But in any such case the included organization must have a public character, and be endowed with some

powers of local government. *Lydecker* v. *Englewood*, 12 *Id.* 154.

I think it plain that no such organization was designed to be established by this act. The district is not given power to elect officers to act for it; it is not given a corporate name, nor corporate authority, even to contract for the erection and maintaining of the street lamps, and, while the voters therein are authorized to determine the amount to be raised for street lighting, the money voted is raised and expended by the township officers who represent the township. It is clearly implied, from the terms of the act, that the township committee shall determine what streets shall be lighted, where the street lamps shall be erected, and how long they shall be maintained. In the disposition of the money raised, the district has no voice. In respect, therefore, to this function of local government, the lighting of streets, the district is not given a separate and independent existence, nor endowed with any power except as a part of the township. It is not designed to become a political corporation or division of the state, such as that considered in *Auryansen* v. *Hackensack, ubi supra.*

For this reason, the act in question cannot be sustained. It becomes unnecessary, therefore, to determine, whether power to create such a political division can be delegated.

The result is, that the resolution must be set aside, with costs.