THE STATE, JOSIAH M. CARTER, PROSECUTOR, v. LEWIS
H. WADE, COLLECTOR OF TAXES IN THE TOWNSHIP
OF UNION, IN THE COUNTY OF UNION.

1. The act of the legislature of this state, entitled "A supplement to an
act entitled 'A supplement to an act concerning roads so far as it ap-
plies to the township of Union, in Union county, approved April 16th,
1846,' approved March 23d, 1871," approved April 4th, 1873 (*Pamph.
L., p.* 644), is unconstitutional, because it erects, or delegates the
erection of part of the township of Union called a road district and
of less area than the township, into a taxing district for the improve-
ment and repair of the public roads therein, without constituting the
district a political corporation or division of the state, and without
endowing it with any power of local government whatever.
2. The supplement of 1873 to which reference has been made, has been
repealed by the supplement to the general act concerning roads, ap-
proved March 12th, 1891 (*Gen. Stat.; p.* 2835), which supplement de-
volves upon the township committee of the respective townships of this
state, the full supervision, management and control of the making and
repairing of all roads therein. This act repeals all special as well as
general laws inconsistent therewith except such as are by the act ex-
pressly provided shall not be affected thereby.

On *certiorari.*

Argued at February Term, 1896, before Justices LIPPIN-
COTT and LUDLOW.

For the prosecutor, *James McC. Morrow.*

For the defendant, *Nicholas C. J. English.*

The opinion of the court was delivered by

LIPPINCOTT, J.    This writ brings up for review an assess-
ment of taxes made against the prosecutor for a special road
tax in District No. 2, in the township of Union, in the county
of Union, for the year 1895, by the assessor of taxes of that
township.

This special road tax for this road district has been assessed
against the prosecutor for the improvement and repair of

roads in this district, over and above his other general taxes in the township, for the same year, for such purposes.

This special tax for road purposes within this district has been assessed under the authority of an act of the legislature entitled "A supplement to an act entitled 'A supplement to an act concerning roads so far as it applies to the township of Union, in Union county, approved April 16th, 1846,' approved March 23d, 1871," approved April 14th, 1873. *Pamph. L., p.* 644.

By an act entitled "A supplement to 'An act concerning roads so far as it applies to the township of Union, in Union county,' approved April 16th, 1846," approved March 23d, 1871 (*Pamph. L., p.* 786), it was by the second section thereof provided that the township at the annual town meeting should elect three freeholders to be commissioners of highways, whose duty it should be to lay off the township into districts, of usually not less than three miles in length of road, and to assign to each district the amount of road to be worked by each overseer, and apportion the moneys assessed for roads to each district, in proportion to the amount of labor required to be done in each district. During the year 1871, in accordance with this act, the township was laid off into eleven road districts, and the district in which the prosecutor resides and in which he is assessed for the special road tax, is known as District No. 2.

By the first supplement of 1873 (*Pamph. L., p.* 644), to which reference has been made, it was provided that whenever a petition in writing signed by at least five of the legal voters in any one of these road districts in this township, should be presented to the overseer of the roads for such district for that purpose, the overseer should immediately call a public meeting of the legal voters of such road district, at which public meeting the legal voters so convened or the majority of those present, should be authorized and empowered to raise by tax, over and above the regular township tax for the improvement and repair of public roads, such sums of money in such district as they may determine, for the purpose

of making and repairing the roads, streets, highways or avenues in such district, which tax should be levied and collected as the township taxes were levied and collected, and when collected, should be paid by the township collector to the commissioners of highways of said township for the time being for the use of such road district.

Under this section of the act an election was held of the legal voters of this road district, and the sum of $250 was ordered raised, as a special tax, over and above the general township taxes for the improvement and repair of the public roads, for these purposes in this district, and the sum of $12.24, a part of the $250, has been assessed against the property of the prosecutor lying in this district.

I think the statement of the case answers the question whether under this act this assessment of tax is valid.

By the act of 1871 the commissioners of highways divided the township into road districts, and apportioned the money assessed for the repair and improvement of roads and highways between the different districts. The division of the township into road districts was for convenience, and for the appointment and election of overseers of the roads. There are other provisions in relation to the method by which the moneys raised by taxation shall be expended. It will be noticed under this act that the moneys to be raised to be expended upon the highways are assessed as a general township tax, and not by districts. The act of 1871 does not by any of its provisions constitute the road districts separate political subdivisions, and the act, in so far as its provisions in relation to the division of the township into road districts, concerns only the election of overseers of the roads, and the apportionment to and the expenditure of road moneys in the different road districts of the township.

. But the first section of the act of 1873 constitutes each one of these road districts created by the act of 1871, a district for taxation, for the improvement and repair of roads, over and above the general taxes of the township for the same purposes.

This section of this act takes hold of these road districts, within the township, and upon the presentation of certain petitions by five legal voters to the overseer of the road, authorizes him to call a meeting of the legal voters of the district, and at such meeting of the legal voters a majority of those so convened are authorized to raise by tax, over and above the regular taxes of the township for the improvement and repair of public roads, such sum or sums as they may determine, for the making and repairing of the highways of such district. This sum so fixed and determined by the legal voters of the district is assessed by the township assessor, collected by the township collector, and by him paid to the commissioners of the highways of the township for the use of such road district. It is clear that this act, for the purpose of making, repairing and improvement of the roads in each district, creates a taxing district within and less in area than the township, yet it does not raise the district into any political division, nor does the act intend that this shall be accomplished. The district is given no corporate name, and the moneys fixed and determined as a tax are assessed and collected by the township assessor and collector, and paid over to the township authorities, to be expended according to their discretion. The district has no officer to direct or control their collection, custody and expenditure. The legal voters have not even any voice in these matters. The legislature did not by this act create this district into a political corporation or division of this state. But whether so intended or not, is not material, for it has been determined in this state that the legislature is without power to create or establish, much less to delegate the power to create or establish such a district less in area than a political corporation or division of the state, within which merely to impose taxes.

This district is given no separate or independent existence, nor is it given any power except as a part of the township. In order to have this existence it must have a public character, and be endowed with some power of local government. In this case the act does not endow the district with any power

to assess, collect or expend this tax. It merely creates a taxing district within a township, which was beyond the power of the legislature. The act of 1873 is, therefore, unconstitutional, and no power to impose any tax existed under it. *Peck* v. *Township of Raritan*, 23 *Vroom* 319.

It is also appropriate to say that the act of 1873 has been repealed and superseded by later legislation covering the same subject-matter.

The supplement to the General Road act, approved March 12th, 1891 (*Gen. Stat., p.* 2835), conferred upon the township committee of each township in this state the entire management, control and supervision of the making and repairing of roads in townships, and provided that all taxes assessed for such purposes should be collected by the township collector and paid to the township treasurer, and be disbursed by the township committee.

This statute was upheld in *Road Commission* v. *Harrington Township*, 25 *Vroom* 274, and in this latter case this court declared that the act repealed special as well as general laws inconsistent therewith. The act of 1873 is, therefore, repealed.

The tax is set aside, with costs.