DETERMINED IN THE

# COURT OF ERRORS AND APPEALS

OF THE

## STATE OF NEW JERSEY.

### JUNE TERM, 1905.

---

ISAAC DOUGHTEN, TRUSTEE, PLAINTIFF IN ERROR, v. CITY OF CAMDEN ET AL., DEFENDANTS IN ERROR.

Argued March 29, 1905—Decided March 5, 1906.

1. The imposition upon lands adjoining a public street in which is laid a pipe for the distribution of water for the use of a city and of its inhabitants, of a fixed definite sum per front foot, to be paid by the owner, for the expense of such pipe, cannot be supported under the power of general taxation, nor under the power to tax property benefited by a local public improvement because of, and not in excess of, benefits.
2. Such a pipe laid under the roadbed of a public street is in no sense an appendage to or a part of the adjoining lots as a sidewalk may be, nor could a requirement that property owners should lay the same at their own expense be supported under the police power.

---

On error to the Supreme Court. For opinion of that court, see 42 *Vroom* 426.

For the plaintiff in error, *Herbert A. Drake.*

For the defendants in error, *Edwin G. C. Bleakley.*

451

The opinion of the court was delivered by

MAGIE, CHANCELLOR.    The judgment of the Supreme Court now under review affirmed an imposition upon lands of the plaintiff in error for which no better name was found in the court below, or has been discovered by me, than "assessment." The imposition was at the rate of seventy-five cents a running front foot of the lands of plaintiff in error, adjoining the street in which the city of Camden had laid a pipe for the conveyance of water. The pipe in question had been laid under the power conferred on the city of Camden to lay and relay water pipes under the streets of that city, conferred by the provisions of an act entitled "An act to enable the city of Camden to supply the citizens thereof, and the inhabitants of the town of Pavonia, in the township of Stockton, with water," approved March 9th, 1871. *Pamph. L., p.* 415.

By the fourth section of that act it was enacted that whenever the city council caused a water pipe to be laid in any street of the city the owners of ground in front whereof the pipe should be laid should pay for the expense thereof seventy-five cents for each foot of their ground upon such street. and it was further provided that when a pipe should be thus laid the city council should cause a statement of such expense to be filed with its city clerk, and such expense should be and remain a lien upon the ground from the day of performing the work until it was paid and satisfied.

The assessment, and the proceedings which led to it, were brought into the Supreme Court by a *certiorari,* sued out by the plaintiff in error, a property owner, and various objections to its validity were there presented by the reasons filed under our practice. It appeared in the case that the pipe in question was laid by the city of Camden to take the place of a pipe previously laid in the street and used for furnishing water. The previous pipe had been laid by a water works company, having legislative authority, and by like authority the city of Camden had purchased the plant and property of that company. The pipe in question was laid to replace that

previously in the street, on the claim that the latter had become unfit for use. Upon these facts the prosecutor claimed that the assessment on him could not be supported, because the expense incurred by the city was not for laying, but for relaying, water pipes. He further claimed that no authority to lay the pipe in question had been given by the proper officials of the city. Both these objections were held by the Supreme Court to be insufficient, upon grounds which are entirely satisfactory to us, and no error is found in this respect.

A question of vital importance in the cause was raised by a reason which challenges the constitutional power of the legislature to authorize a municipality to impose upon lands abutting on a public street in which such a water pipe is laid a fixed or specified amount of the expense thereof. The learned justice who pronounced the opinion of the Supreme Court found such power to exist, and thereupon the assessment was confirmed. The correctness of that conclusion is here questioned.

The case shows that the city of Camden, since it purchased the plant and property of the water works company, has made use thereof, not only to provide water for strictly public purposes, but also to furnish to its inhabitants water for compensation, and that the net receipts therefrom exceed the expense. In this respect the acquisition and maintenance of the plant and property is a business venture of the municipality. For the cost of acquiring and maintaining the same, doubtless resort could be had to the power of general taxation.

It has not been contended that the imposition under review can be supported upon the general power to lay taxes. If the legislative grant of power to impose an arbitrary amount upon abutting land for the expense of laying a water pipe in the street could have ever been held to be constitutional, it ceased to be such after the adoption of paragraph 12, section 7 of article 4 of the amendments to our constitution, which provides that "property shall be assessed for taxes under general laws and uniform rules, according to its true value." Immediately upon the adoption of that amendment

it operated to abrogate all special laws assessing property for taxation. *North Ward National Bank* v. *Newark,* 10 *Vroom* 380; *S. C.,* 11 *Id.* 558; *Trustee* v. *Trenton,* 3 *Stew. Eq.* 667.

When under pre-existing legislation authority for an imposition of a sum fixed by a municipal board on vacant lots, and lots with buildings thereon in which water was not taken, if such lots were on a street in which water pipes were laid, was pronounced invalid in this court, Mr. Justice Depue declared that under that constitutional provision no tax could be lawfully laid on property which is not determined either by special benefits derived or by a valuation of the property upon a uniform rule at its true value. And he held that a sum imposed at the discretion of a municipal board, without regard to valuation, was prohibited. *Jersey City* v. *Vreeland,* 14 *Vroom* 638. Nor will the case be different if the specified imposition is a sum fixed by the legislative act. The amendment was held, in the case last cited, to have repealed inconsistent provisions in the charter of Jersey City. It will operate to render invalid all subsequent attempts at arbitrary exactions under the guise of general taxation.

Nor can the assessment under review be sustained as falling within that class of taxes which are imposed upon lands for the expense of public improvements by reason of the peculiar benefits thereby conferred upon such lands.

Since the decisions of *Tide Water Co.* v. *Coster,* 3 *C. E. Gr.* 518, and of *Agens* v. *Newark,* 8 *Vroom* 415, it has been settled law in this state that the cost of local public improvements may be imposed under the power to tax upon lands peculiarly benefited thereby, but only to the extent of the benefits so conferred. Legislation intended to confer power to impose such tax on lands, to be valid, must not only limit the power to lands peculiarly benefited, but must expressly, or by necessary implication, limit the imposition to the amount of the peculiar benefits conferred. The cases in which this doctrine has been applied are too numerous and well known to require citation.

The act under which the assessment under review was made does not impose this charge upon the property along the line

of the street by reason of any benefit conferred thereon by the pipe laid, or if it be inferred that such was the legislative intent, the act is not within the rule, because the imposition is not to be fixed and determined by benefits, nor to be limited to benefits, but is a mere arbitrary imposition without reference to benefits.

The court below recognized that the assessment before it could not be supported as one imposed by reason of benefits conferred, but found a ground upon which it was concluded it could be supported as valid. The learned justice who delivered the opinion in that court declared that there was a distinction between improvements primarily for the public welfare and only incidentally for the benefit of the landowner, and those of which the converse is true. With respect to the first class, he held that the rule respecting imposition by reason of benefits must be rigidly applied, while with respect to the second class he held that the rule was not imperative and that the cost could be charged on the property to which the chief advantage accrues, even though the benefit be not an exact equivalent. He found the distinction illustrated and applied in the cases in the Supreme Court which had held that the whole cost of laying a sidewalk, a curb and gutter, and of connecting abutting property to a sewer in the street, might be validly imposed on the adjoining lands.

The first of the cases referred to was *Sigler* v. *Fuller,* 5 *Vroom* 227, in which the Supreme Court affirmed the imposition, under legislative authority, of two-sixths of the cost of a sidewalk upon the owners of land in front of which it was laid and of one-sixth of such cost upon the owners of land on the opposite side of the street, apportioned by the number of lineal feet owned. That court did not consider that such an assessment was obnoxious to the doctrines declared in the Tide Water case by the Court of Errors. In the subsequent case of Agens v. Newark, Chief Justice Beasley, speaking for the Court of Errors, took occasion to declare that the case of Sigler v. Fuller was not in harmony with the doctrine of the Tide Water case, which he was applying to the case in hand. But he pointed out that there was a substantial distinction

between improvements in the roadbeds of streets and improvements of sidewalks. He declared that a sidewalk had always been regarded, under our laws and usages, as an appendage to and part of the adjoining premises so essential to their use as to make its improvement a burden belonging to the ownership of the premises and the order for such improvement a police regulation. Upon this view he evidently thought the imposition of two-sixths of the cost of a sidewalk could be imposed upon the adjoining lands. But he expressly declared that the imposition of part of such cost upon owners of land on the opposite side of the street was indefensible because it was a burden imposed irrespective of benefits.

. This criticism upon the case of Sigler v. Fuller, though incidental and unnecessary to the opinion in which it was contained, has always been deemed by the Supreme Court to justify the imposition upon adjoining lands of the whole cost of the improvements of sidewalks. *Van Tassel* v. *Jersey City,* 8 *Vroom* 128; *Kirkpatrick* v. *Commissioners,* 13 *Id.* 510. The doctrine was naturally extended to the cost of a curb and gutter necessary to be laid for the security of the sidewalk. *Robins* v. *New Brunswick,* 15 *Id.* 116. More lately the Supreme Court has sustained an imposition upon lands, made under legislative authority, of the whole cost of constructing house connections from a sewer in the street to the curb line in front of said lands. *Van Wagoner* v. *Paterson,* 38 *Id.* 455. Obviously this imposition could not be supported on the theory that was deemed to support the other cases. The court found support in the right of local authorities, under our laws for the preservation of health, to compel the abutting owner to make connections with sewers at his own expense. The power exercised by the legislature to impose on abutting owners the whole cost of such connections was declared to be an incident of the police power of the state.

The assessment before us cannot, in my judgment, be supported by the sidewalk cases, if correctly decided. A water pipe under the roadbed of a public street cannot be said to be an appendage to or a part of lands abutting on the street, and there could be no police regulation requiring a property owner to lay such a pipe.

Nor can I find any firmer support for the assessment in the doctrine of Van Wagoner *v.* Paterson. If an abutting owner may, in the interest of public health, be compelled, at his own expense, to connect his lands with a public sewer, and if such connection reasonably requires the use of running water, it may be that such owner could be compelled to lay, at his own expense, a service pipe from a water main in the street; but such a police regulation, while possibly justifying the imposition on such owner of the whole cost of the service pipe, can no more justify the imposition of the whole or any arbitrary part of the cost of the water main than would the power to compel sewer connections justify the imposition of the cost of the sewer in the street otherwise than upon lands benefited in proportion to and not in excess of benefits.

In my judgment, the imposition on the lands of plaintiff in error of a fixed amount of the cost of laying the water pipe cannot be supported upon the grounds relied on in the court below, but falls within the principle settled in this state which makes invalid such an arbitrary assessment not based upon or limited to benefits conferred.

There are decisions of courts of repute inconsistent with the doctrines declared and enforced in this state. Under those decisions assessments for the cost of improvements in the roadbed of streets, such as pavements, water pipes, sewers, &c., which arbitrarily impose the whole cost on abutting land without reference to benefits, have been supported. The contrary doctrine has been so long and uniformly enunciated and applied in this state that I do not think it open for discussion.

The judgment of the Supreme Court affirming this assessment must be reversed, and the assessment must be vacated and set aside.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, GARRETSON, PITNEY, SWAYZE, BOGERT, VREDENBURGH, VROOM, GREEN. 10.