**TOWNSHIP OF SOUTH HACKENSACK, Bergen County, v. FEDERAL DEPOSIT INS. CORPORATION.**

No. 7005.

Circuit Court of Appeals, Third Circuit.

Jan. 15, 1940.

328

Chandless & Weller, of Hackensack, N. J. (Ralph W. Chandless, of Hackensack, N. J., of counsel), for appellant.

McDermott, Enright & Carpenter, of Jersey City, N. J. (James D. Carpenter, Jr., and Howard C. Gilmour, both of Jersey City, N. J., of counsel), for appellee.

Caldwell & Raymond, of New York City (John T. Trimble, of New York City, of counsel), amicus curiae.

Before BIDDLE, JONES, and BUFFINGTON, Circuit Judges.

BIDDLE, Circuit Judge.

Federal Deposit Insurance Corporation purchased $130,000 Temporary Sewer Bonds and $135,978.01 notes of the Township of South Hackensack, in the County of Bergen, New Jersey (formerly Township of Lodi) from the Little Ferry National Bank, and recovered a judgment of $313,730.26, which included $90,000 principal amount of the bonds which had become due, the principal amount of the notes, and interest on both. The case was tried without a jury, and the District Court for the District of New Jersey entered findings of fact and conclusions of law covering the issues involved. An appeal was taken by the Township to our court. Jurisdiction is given to the United States District Court under the act creating Federal Deposit Insurance Corporation, 12 U. S.C.A. § 264(j).

Of the $220,000 authorized, the bank purchased $200,000; and when $70,000 matured they, together with the accumulated interest thereon, were replaced by notes. Of the balance of $130,000 bonds $90,000 became due and were sued on here. Of the $135,978.01 principal amount of the notes $49,700 are tax anticipation and tax revenue notes; $23,530.19 are admitted to be due; and the balance are temporary improvement notes, of which one in particular, for $747.82, will be treated separately in this opinion. All of these notes are renewal notes; and it appears from the findings that $63,000 in principal amount were in renewal of notes originally issued for construction of the sewer system hereinafter referred to. The defendant also claims that $24,200 of the tax anticipation and tax revenue notes were given

in renewal of sewer notes. On this point the record is not clear; nor is it necessary to decide unless we hold that the sewer notes were illegally issued.

On September 4, 1928, the Township adopted an ordinance creating Sewerage District No. 1 comprising about half the area of the Township, under the authority of Ch. 140, Laws of 1922 of the State of New Jersey, N.J.S.A. 40:63-32 et seq., which we shall refer to as the Sewer District Act. On September 25, 1928, the Township adopted a second ordinance providing for the construction of the sewer system and appropriating $150,000 therefor to be borrowed on notes or bonds, and the cost to be met by assessments against the lands benefited. This amount was increased on January 21, 1929, to $220,000. On July 15, 1929, the Township adopted a resolution that the total assessment of $220,000 be assessed against the lands benefited. On August 14th of the same year the bonds were sold to the bank for par and accrued interest.

■ The Township has set up several defenses, largely technical, in this suit. It is claimed first that no supplemental debt statements had been filed by the Township in accordance with the requirement of Sec. 12(2) of Ch. 89 of the Laws of 1928 of New Jersey, p. 192.[1] This is solely a question of fact resolved specifically against the Township by the learned trial court. There was ample evidence from which such finding could be made.

■ The Township argues that the Sewer District Act is not constitutional. It is not clear that the bonds were issued under authority of this statute, although the ordinance of September 4th made reference to it. The ordinances of September 25th and January 21st, respectively authorizing the construction and increasing the amount, made no reference to the statute. The alleged ground of unconstitutionality is that under the New Jersey constitution obligations may not be issued to pay for municipal improvements which are less in area than the municipality. It is difficult to discover from the Township's brief or from the cases relied on by it— Van Cleve v. Passaic Valley Sewerage Com'rs, 71 N.J.L. 574, 60 A. 214, 108 Am. St.Rep. 754; Peck v. Township of Raritan,

[1] "Prior to the passage of any ordinance or resolution authorizing notes or bonds under this act, the chief financial officer shall make and file a supplemental debt statement * * *."

52 N.J.L. 319, 19 A. 610; and Carter v. Wade, 59 N.J.L. 119, 35 A. 649—the specific clause in the state constitution asserted to have been violated. The vice of the statutes construed in these three cases consisted either of creating separate districts with powers to tax which the court found were not political subdivisions; or levying a general tax, and not one assessed against property owners to the extent of the benefit conferred, in a limited area smaller than the municipality. In our case, however, there is no attempt to carve out any separate municipal district. The statute authorizes the establishment of a sewer district and the construction of sewer systems within a municipality. This is a mere administrative formula. The building of any municipal improvement is always limited to the locality where the improvement is built. Otherwise no municipality would levy special assessments. The New Jersey cases, as elsewhere, recognize that special assessments may be levied to the extent of benefits conferred upon areas less than the political subdivisions. State, Agens, pros. v. Mayor of Newark, 37 N.J.L. 415, 420, 18 Am.Rep. 729; Doughten v. Camden, 72 N.J.L. 451, 454, 63 A. 170, 171, 3 L.R.A.,N.S., 817, 111 Am.St.Rep. 680, 5 Ann.Cas. 902; Kean v. Driggs Drainage Co., 45 N.J.L. 91, 93; Wilson v. City of Trenton, 55 N.J.L. 220, 228, 26 A. 83, 86, affirmed 56 N.J.L. 716, 31 A. 775.

The defendant argues that the statute is also unconstitutional because it provides merely that the cost be assessed against the lands benefited, and does not limit the assessment to the extent of the benefit as required by the New Jersey cases. See Tide-Water Co. v. Coster, 18 N.J.Eq. 518, 90 Am.Dec. 634; State, Agens, pros. v. Mayor of Newark, supra; State, Baldwin, pros. v. Fuller, 39 N.J.L. 576, affirmed 40 N.J.L. 615; Doughten v. Camden, supra. Even assuming this, the illegality of the assessment provisions of the statute would not affect the provisions granting power to construct the improvement; and if that purpose is lawful bonds issued to finance it are legal. State, Watrous, Pros., v. Elizabeth, 40 N.J.L. 278; Mutual Benefit Life Insurance Co. v. City of Elizabeth, 42 N.J.L. 235; Tappan v. Long Branch Commission, 59 N.J.L. 371, 35 A. 1070.

We have assumed that the bonds were issued under the Act of 1922, but have noted that this is not clear from the resolutions. It is clear, however, that the power to construct the sewerage system is expressly given in the Home Rule Act,[2] concededly valid; and of course the obligations of the municipality will be sustained if authorized by any statute, even where the municipality is appearing to act under a law which is not valid. Tappan v. Long Branch Commission, supra; Board of Com'rs of Wilkes County v. W. N. Coler & Co., 190 U.S. 107, 23 S.Ct. 738, 47 L.Ed. 971.

As we have said, the District Court found that the supplemental debt statement had been filed. The Township contends that the resolution authorizing the special assessments was not adopted until after the original resolution authorizing the indebtedness, so that at that time the legal indebtedness had been exceeded. We are clear that this irregularity in the order of the steps to be taken to authorize the issue of the bonds and notes is not of such substance as to warrant its being considered after the bonds had been sold. Tappan v. Long Branch Commission, supra; Potter v. Metuchen, 108 N.J.L. 447, 450, 155 A. 369, 370. Moreover, the validating Act of 1937, Ch. 107, p. 249, repaired any such minor technical mistake.[3]

The note for $747.82 remains to be considered. On June 14, 1927, The Public Service Electric & Gas Company entered into an agreement with the Township under which the Company agreed to extend the gas mains in consideration of the Township's depositing with it $1961, to be repaid only on condition that the revenues from the extension exceeded a certain fixed schedule. The note for $747.82 is a renewal of a note given by the Township to the bank to secure funds to make up the amount of this deposit. It does not appear whether this contract was made before or after the note was executed. It is argued that the contract violates the provisions of the New Jersey constitution providing

---

[2] Ch. 152, Laws of 1917, Art. XX, sec. 1 (h), as amended by Ch. 10, Laws of 1927, N.J.S.A. 40:56—1, subd. i.

[3] State ex rel. Walker v. Town of Union, 33 N.J.L. 350; Mayor of Jersey City v. North Jersey St. Ry. Co., 74 N.J.L. 774, 67 A. 113; Sherman v. City of Long Branch, 153 A. 109, 9 N.J.Misc. 75, affirmed 108 N.J.L. 548, 158 A. 544; Carlstadt National Bank v. Hasbrouck Heights, 83 N.J.L. 383, 84 A. 1069.

against donations by municipal corporations.[4] It does not appear that the Bank, when it purchased the note, knew of this arrangement. The Township cannot escape its liability by showing illegal use of the proceeds of the loan.[5]

Finding as we do that the bonds and notes sued on are valid and legal obligations of the Township we find it unnecessary to consider any questions of estoppel flowing from the recitals in the bonds and the payment on account of the bonds by the Township over a period of years; or whether the Township, as an agent of the state, can attack the validity of a state statute.

Judgment affirmed.

---

[4] Art. I, pars. 19 and 20. "19. No county, city, borough, town, township or village shall hereafter give any money or property, or loan its money or credit, to or in aid of any individual association or corporation, or become security for or be directly or indirectly the owner of any stock or bonds of any association or corporation.

"20. No donation of land or appropriation of money shall be made by the state or any municipal corporation to or for the use of any society, association or corporation whatever."

[5] Compare Hillside Land Co. v. North Bergen Township, 112 N.J.L. 576, 584, 172 A. 585, 588.